IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| JOHN DOE, | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 6:19-cv-00023-NKM |
| WASHINGTON AND LEE UNIVERSITY, | |
| Defendant. | |

## BRIEF IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM BY PLAINTIFF

Defendant Washington and Lee University (the "University") suspended Plaintiff "John Doe" for sexual assault following a biased and unfair investigation and adjudication. In the present lawsuit, John challenges this flawed process as violating his rights under Title IX and Virginia state law. He seeks to have the erroneous finding—and the suspension that resulted from it—reversed and erased from his educational records. In short, he seeks to clear his name of a false and highly stigmatizing charge of sexual assault.

To clear his own name, John should not have to first participate in further sullying it. To clear his own name, he should not have to broadcast in public court filings that he was sanctioned for committing an act that is—stripped of all euphemism—rape. To clear his own name, he should not have to make his name Google-able as someone who has been accused of, and found responsible for, sexual assault.

Accordingly, Plaintiff, by and through undersigned counsel, respectfully moves to proceed under the pseudonym "John Doe" and to identify his accuser as "Jane Roe."

I.   ARGUMENT

Although there is a presumption of openness for judicial proceedings, the Fourth Circuit held that, under appropriate circumstances, a party may be allowed to proceed anonymously. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) (explaining that "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed" to proceed anonymously). In James, the Fourth Circuit held that five non-exhaustive factors must be considered when a party requests anonymity. Those factors are:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. (citations omitted).

In cases involving allegations of sexual misconduct, this court and others within the Fourth Circuit have applied the James factors and granted the use of pseudonyms to protect the parties. See Doe v. Va. Polytechnic Inst. & State Univ., No. 18-320, 2018 WL 5929645 (W.D. Va. Nov. 13, 2018); Painter v. Doe, No. 15-369, 2016 WL 3766466 (W.D.N.C. July 13, 2016); Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583 (E.D. Va. 2016); Doe v. Alger, 317 F.R.D. 37 (W.D. Va. 2016). Indeed, courts across the country have permitted student-plaintiffs, like John, to proceed under a pseudonym to avoid the severe social stigma that would result from public association of their identities with the label of sexual assault perpetrator.[1]

---

[1] See, e.g., Doe v. Purdue Univ., 321 F.R.D. 339 (N.D. Ind. 2017) (granting student's pseudonym motion in case challenging university of sexual assault, noting that "If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by

Here, as in many other cases involving allegations of sexual assault on college campuses, the factors point persuasively to the conclusion that plaintiff should be permitted to proceed under a pseudonym.

**A. An allegation of sexual assault is a highly personal and sensitive matter.**

This case involves false allegations of sexual assault against John by Jane. Accordingly, the pleadings will necessarily reveal the details of alleged private sexual conduct between John and Jane. In light of the nature of this case, private, intimate details regarding the lives of both John and Jane will be at issue.

Moreover, the entire purpose of bringing this lawsuit is to erase that scarlet letter from John's education records and reputation. But forcing him to proceed under his real name will

---

bringing this lawsuit."); Doe v. Univ. of Notre Dame, No. 17-2986 (N.D. Ind. May 8, 2017), ECF No. 46 ("[B]eing charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma."); Doe v. Trs. of Univ. of Pa., 16-05088 (E.D. Pa. Sept. 26, 2016), ECF No. 12 (granting motion for pseudonym, noting the plaintiff "has a legitimate fear or significant harm should the preliminary finding of his responsibility for a sexual assault be made public"); Doe v. Univ. of St. Thomas, No. 16-1127, 2016 WL 9307609, at *2-4 (D. Minn. May 25, 2016) (granting pseudonym motion of male student challenging university finding of sexual assault, reasoning, in part "[i]t does not require speculation or surmise to realize that a young man found to have committed a non-consensual sexual act at a university…could be permanently harmed by release of that information even if he later prevails in his challenge to the validity of the process that judged him guilty in the first place. This is particularly so in light of the highly charged attention being paid to issues of sexual assault and affirmative consent on campuses today"); Doe v. Colgate Univ., No. 15-01069, 2016 WL 1448829, at *4 (N.D.N.Y. Apr. 12, 2016) (finding balancing of all factors weighs in favor of permitting plaintiff to proceed under pseudonym); Doe v. Brandeis Univ., No. 15-11557 (D. Mass. June 17, 2015), ECF No. 16-1 (granting motion to proceed under pseudonym, noting that "[t]he current record suggests that plaintiff could be subject to 'social stigmatization'…if his name is revealed"); Doe v. Columbia Univ., 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."), vacated on other grounds; Doe v. Williams Coll., No. 13-11740 (D. Mass. Sept. 5, 2013), ECF No. 12 (order granting accused student's motion to proceed pseudonymously); Doe v. Univ. of the South, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); Doe v. George Washington Univ., No. 11-00696 (D.D.C. Apr. 8, 2011), ECF No. 2 (order granting accused student plaintiff's motion to proceed under pseudonym).

3

cause that same harm even if the result of his lawsuit is a reversal of the University's actions. The harm cannot be undone. John's name will be publicly associated with an accusation of rape. Not only will other undergraduate institutions, graduate schools, and potential employers be able to learn of the allegations, anyone else will be able to do so simply by Googling his name and viewing the court documents in this case.

Accordingly, this factor weighs heavily in favor of granting John's motion. See Va. Polytechnic Inst., 2018 WL 5929645, at *3 (agreeing that litigation over sexual assault allegations is "clearly 'a matter of sensitive and highly personal nature'" under James); George Mason Univ., 179 F. Supp. 3d at 593 (noting that "[t]here can be no doubt that the litigation…focuses on 'a matter of sensitive and highly personal nature'" because "Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule."); Alger, 317 F.R.D. at 40 (the "sexual assault for which [plaintiff] was found responsible is sufficiently sensitive and personal to satisfy this factor").

**B. Identification could pose retaliatory physical and mental harm to John and Jane.**

Both John and Jane could face harm if John is identified, including but not limited to physical retaliation and mental anguish. See Va. Polytechnic Inst., 2018 WL 5929645, at *3 ("The court thinks that Doe's identification may put him at risk for physical and mental harm by persons who know that Roe has accused of him of sexual assault."); George Mason Univ., 179 F. Supp. 3d at 593 ("[I]t is possible that plaintiff could be targeted for 'retaliatory physical or mental harm' based on the accusations [of sexual assault] alone.").

Moreover, as this Court explained in George Mason, the potential for such harm is the very reason that "anonymity [is] afforded to the accusers and the accused when participating in [the University's] disciplinary proceedings." 179 F. Supp. 3d at 593. The University's sexual

misconduct policy emphasizes the privacy of students involved in sexual misconduct disciplinary proceedings. See Washington and Lee Univ., Sexual Discrimination & Misconduct Policy : Washington and Lee Univ. (Oct. 1, 2017), https://www.wlu.edu/general-counsel/code-of-policies/discrimination-harassment-and-retaliation/sexual-discrimination-and-misconduct-policy. For example:

> The University is committed to protecting the privacy of all individuals involved in a report of sexual misconduct. In any report, the University will make every effort to protect the privacy of all individuals involved in a manner consistent with the need for a careful assessment of the allegation and any necessary steps to eliminate the misconduct, prevent its recurrence, and address its effects.
>
> ….
>
> **Privacy** means that information related to a report of sexual misconduct will be shared only with a limited circle of individuals- those University employees who have a legitimate need to know in order to assist in the active review, investigation, or resolution of the report pursuant to the Family Education Rights and Privacy Act (FERPA) and applicable federal and state laws.
>
> ….
>
> The facts about individual cases and their dispositions are to remain private to the extent possible.

Id.

As the court in George Mason stated, "[i]t makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation." Id.

This potential for harm to both John and Jane thus weighs in favor of allowing John to proceed anonymously.

### C. John and Jane were barely adults at the time of the underlying events.

Although John and Jane were, respectively, 20 and 19 years old at the time of the underlying events, other age-related factors indicate that proceeding under a pseudonym would be appropriate. Some courts have held that, despite reaching the age of majority, "college students may still possess the immaturity of adolescence," and being over 18 should not be held against the persons seeking anonymity. Yacovelli v. Moeser, No. 02-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004). Thus, even if this factor does not weigh heavily in favor of anonymity, it does not weigh heavily against anonymity either. See George Mason Univ., 179 F. Supp. 3d at 594 (noting that though "plaintiff and Roe [were] legally adults…the events in issue occurred when they were just barely so," and that, accordingly, "the ages of Plaintiff and Roe d[id] not point persuasively in favor of or against allowing a pseudonym").

Thus, the ages of John and Jane, if anything, weigh in favor of allowing John to proceed anonymously, and in no event weigh against it.

### D. There is no risk of unfairness to the University.

Allowing John to proceed under a pseudonym would not inhibit the University from defending against his claims or present any other potential for unfairness. The University is well-aware of the identities of John and Jane. John's counsel has communicated with counsel for the University about this case using John's true identity. Thus, there is no difference in the University's ability to defend itself if John proceeds under a pseudonym.

Indeed, the resolution of the legal issues in this case does not depend on the identification of John. The question is whether John's rights were violated by the University's failure to fairly and impartially investigate and adjudicate Jane's allegation of sexual assault. Whether the University discriminated against John in violation of Title IX or violated a duty under state law

can be determined without naming John in court documents. The University will not be inhibited from obtaining discovery or pressing its defenses at trial by John's use of a pseudonym.

Regrettably, we understand that the University intends to oppose this motion despite the promises of privacy in its sexual misconduct policy. Based on past experience, the University is in a poor position to object on the basis of "unfairness." In September 2017, in a Virginia circuit court action filed by John against the University pursuant to Virginia Supreme Court Rule 4.2 for pre-litigation discovery, the latter made no objection to John's motion to proceed under a pseudonym, which contained similar arguments as the instant motion. <u>See</u> Pet.'s Mot. for Leave to Proceed Under Pseudonym, <u>In re Certain Sealed Records Relating to the Dismissal of John Doe from Washington & Lee Univ.</u>, No. CL17000477-00 (Va. Cir. Ct. Sept. 20, 2017), attached as Ex. B to Motion. The circuit court granted that motion. <u>See</u> Order Granting Pet. John Doe's Mot. for Leave to Proceed Under Pseudonym, <u>In re Certain Sealed Records Relating to the Dismissal of John Doe from Washington & Lee Univ.</u>, No. CL17000477-00 (Va. Cir. Ct. Sept. 22, 2017), attached as Ex. C. to Mot.

Likewise, the University made no opposition to a plaintiff in a similar position to John litigating under a pseudonym in a 2014 case before this Court. In that case, the plaintiff made a motion to proceed under a pseudonym on December 16, 2014. <u>See</u> Mot. to Proceed Under Pseudonym & for Protective Order, <u>Doe v. Washington and Lee Univ.</u>, No. 14-00052 (W.D. Va. Dec. 16, 2014), ECF No. 8. The Court granted the motion on the same day. <u>See</u> <u>id.</u> at ECF No. 13. If the University took issue with the Court's action, there is no record of it on the docket.

The University must explain why it is "unfair" now to defend against a pseudonymous party when it repeatedly made no objections to the same scenario in the past. We do not believe that anything has changed except the University's interest in using a tactical maneuver to make

this litigation more difficult for the plaintiff to prosecute.

This factor, therefore, weighs in favor of granting John's motion.

### E. The University is a private party.

James also considers whether the "action is against a governmental or private party." James, 6 F.3d at 238. However, James is not clear on which type of party—governmental or private—favors pseudonym status and which disfavors it. See id. Cases applying James have gone both ways. Compare Yacovelli, 2004 WL 1144183, at *8 ("When a plaintiff challenges the government or government activity, courts are more like to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.") with Doe v. Public Citizen, 749 F.3d 246, 273-74 (4th Cir. 2014) (explaining that "the public interest in the underlying litigation is especially compelling given that Company Doe sued a federal agency.") and George Mason Univ., 179 F. Supp. 3d at 594 ("the public has an 'especially compelling' interest in the underlying litigation because the defendants are government officials sued in an official capacity.")

If the status of the defendant as a private entity favors pseuduonymity, this helps John because the University is private. If the status of the defendant as a private entity disfavors psueodonymity, this factor would still not be dispositive. Those cases arguing against pseudonymity when the defendant is private do so on the basis that "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm…." See Int'l Refugee Assistance Project v. Trump, No. 17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017); Alger, 317 F.R.D. at 41 (substantially same). As noted above, however, the University has had no objections in the past to defending against "John

8

Does" in the past. There is no reason that the University's reputational interests would be any different now than they were in 2014.

## II. CONCLUSION

Use of a pseudonym is necessary here to protect both John and his accuser—to preserve their privacy in a sensitive and highly personal matter. Affording John that protection does not create any risk of unfairness to the University. John respectfully requests leave to proceed under a pseudonym throughout this lawsuit.

                Respectfully,

                *s/David G. Harrison*
                David G. Harrison, Esq. (VSB #17590)
                **THE HARRISON FIRM, PC**
                5305 Medmont Circle S.W.
                Roanoke, VA 24018
                (540) 777-7100
                david@harrisonfirm.us

                Patricia M. Hamill, Esq.
                (Pa. I.D. No. 69912)
                (*pro hac vice* application pending)
                **CONRAD O'BRIEN PC**
                Centre Square – West Tower
                1500 Market Street, Suite 3900
                Philadelphia, PA 19102-2100
                (215) 864-9600 (phone)
                (215) 864-9620 (fax)
                phamill@conradobrien.com
                ldakessian@conradobrien.com

                *Counsel for Plaintiff*

Date: April 24, 2019

# CERTIFICATE

I certify that on April 24, 2019, I sent a copy of the foregoing Motion for Admission *Pro Hac Vice* by first-class mail to:

    R. Craig Wood, Esq.
    McGuire Woods
    652 Peter Jefferson Pkwy Ste 350
    Charlottesville, VA 22911-8825

*Counsel for Washington and Lee University*

    James D. Farrar, Jr.
    Washington and Lee University
    204 W Washington St
    Lexington, VA 24450-2116

*Registered Agent for Washington and Lee University*

I further certify I sent a copy of foregoing Motion for Admission *Pro Hac Vice* by email to:

    R. Craig Wood, Esq
    cwood@mcguirewoods.com

                         *s/David G. Harrison*
                         David G. Harrison, Esq. (VSB #17590)
                         **THE HARRISON FIRM, PC**
                         5305 Medmont Circle S.W.
                         Roanoke, VA 24018
                         (540) 777-7100
                         david@harrisonfirm.us