# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

JOHN DOE,                    )

                           )

           Plaintiff,        )

v.                         )    **Civil Action No. 6:19-CV-00023**

                           )

**WASHINGTON AND LEE UNIVERSITY**  )

                           )

          Defendants.       )

## DEFENDANT'S ANSWER

Defendant Washington & Lee University ("W&L" and the "University"), by counsel, sets forth the following as its Answer to the Complaint filed by Plaintiff. To the extent not specifically admitted herein, all allegations in the Complaint are denied. The section headings included herein reflect the section headings in the Complaint.

## THE NATURE OF THIS ACTION

1.      W&L denies the allegations in Paragraph 1 of the Complaint.

2.      W&L denies the allegations in Paragraph 2 of the Complaint.

3.      W&L denies the allegations in Paragraph 3 of the Complaint.

4.      W&L lacks knowledge or information sufficient to form a belief regarding the Plaintiff's psychologist's conclusions regarding Plaintiff. W&L admits that Plaintiff provided W&L with a letter from a psychologist and Paragraph 4 correctly quotes from this letter.

1

5.    W&L lacks knowledge or information sufficient to form a belief regarding Plaintiff's activities at his former high school.  W&L admits the remaining allegations in Paragraph 5 of the Complaint.

6.    W&L admits the allegations in Paragraph 6 of the Complaint.

7.    W&L denies the allegations in Paragraph 7 of the Complaint.

8.    W&L denies the allegations in Paragraph 8 of the Complaint.

9.    W&L denies the allegations in Paragraph 9 of the Complaint.

10.    W&L denies the allegations in Paragraph 10 of the Complaint.

11.    W&L denies the allegations in Paragraph 11 of the Complaint.

12.    W&L denies the allegations in Paragraph 12 of the Complaint.

13.    W&L lacks knowledge or information sufficient to form a belief regarding the answers to the questions posed by Plaintiff in Paragraph 13 of the Complaint.  W&L denies the remaining allegations in Paragraph 13 of the Complaint.

14.    W&L lacks knowledge or information sufficient to form a belief regarding the answer to the argumentative question posed by Plaintiff in Paragraph 14 of the Complaint.  W&L denies the remaining allegations in Paragraph 14 of the Complaint.

15.    W&L admits the allegations in Paragraph 15 of the Complaint.

16.     W&L admits that both Jane Roe and Witness A told investigators that they had consensual sexual intercourse on March 10 or March 11, 2017.  W&L denies the remaining allegations in Paragraph 16 of the Complaint.

17.     W&L admits that investigators did not find any evidence that Ms. Roe had been drugged on the night of March 10, 2017.  W&L further admits that Paragraph 17 accurately describes Plaintiff's description of events on this night to investigators.  W&L denies the remaining allegations in Paragraph 17 of the Complaint.

18.     W&L admits that University counselor Dr. Janet Boller met with Ms. Roe approximately 12 days prior to the hearing in this case.  W&L further admits that Dr. Boller prepared a letter in which she concluded that Ms. Roe exhibited symptoms of Acute Stress Disorder.  W&L denies the remaining allegations in Paragraph 18 of the Complaint.

19.     W&L admits that the University's investigators provided a letter from Dr. Boller to the Hearing Panel.  W&L denies that this letter is an "expert report" or "medical evidence."

20.     W&L lacks knowledge or information sufficient to form a belief regarding when Plaintiff reviewed Dr. Boller's letter.  W&L avers that the letter was provided to Plaintiff by the Chair of the Harassment and Sexual Misconduct Board for this specific matter on April 18, 2017, a full week prior to the hearing.

21.     W&L admits that the investigators referred Ms. Roe to the University's Counseling Center.  W&L denies that the investigators referred Ms. Roe to Dr. Boller in particular.

22.     W&L denies the allegations in Paragraph 22 of the Complaint.

23.     W&L denies the allegations in Paragraph 23 of the Complaint.

24.     W&L admits that Dr. Boller was the contact person for an entity that no longer exists called the Student Sexual Assault Survivor Support Group and that the quotation in Paragraph 24 of the Complaint quotes part of W&L's website.   W&L denies the remaining allegations in Paragraph 24 of the Complaint.

25.     W&L admits that, as with all treatment providers in the University Counseling Center, Dr. Boller's professional responsibilities include supporting sexual assault survivors, as well as any other students in need of support.  W&L denies the remaining allegations in Paragraph 25 of the Complaint, including the allegation that sexual assault survivors are "overwhelmingly" female.

26.     W&L denies the allegations in Paragraph 26 of the Complaint.

27.     W&L denies the allegations in Paragraph 27 of the Complaint.

28.     W&L denies the allegations in Paragraph 28 of the Complaint.

29.     W&L denies the allegations in Paragraph 29 of the Complaint.

30.     W&L denies the allegations in Paragraph 30 of the Complaint.

31.     W&L denies the allegations in Paragraph 31 of the Complaint.  W&L avers that the Hearing Panel's Decision Form speaks for itself regarding the Hearing Panel's credibility determinations.

32.     W&L admits that the investigator's report indicated that Ms. Roe had consensual sexual intercourse with Witness A.  W&L denies the remaining allegations in Paragraph 32 of

4

the Complaint. W&L avers that the Hearing Panel's Decision Form speaks for itself regarding the Hearing Panel's credibility determinations.

33.    W&L admits that the Hearing Panel did not hear testimony from Witness A; W&L avers that Plaintiff and Ms. Roe were the only witnesses that provided testimony during this hearing. W&L denies the remaining allegations in Paragraph 33 of the Complaint.

34.    W&L denies the allegations in Paragraph 34 of the Complaint.

35.    W&L denies the allegations in Paragraph 35 of the Complaint.

36.    W&L denies the allegations in Paragraph 36 of the Complaint.

37.    W&L denies the allegations in Paragraph 37 of the Complaint.

38.    W&L denies the allegations in Paragraph 38 of the Complaint.

39.    W&L admits that Plaintiff has alleged violation of Title IX of the Education Amendments Act of 1972, breach of implied contract, and negligence by W&L. W&L denies all of these allegations.

## THE PARTIES AND JURISDICTION

40.    W&L admits the allegations in Paragraph 40 of the Complaint.

41.    W&L admits the allegations in Paragraph 41 of the Complaint.

42.    W&L consents to the jurisdiction of this Court for this matter.

43.    W&L consents to the jurisdiction of this Court for this matter.

5

44.     W&L consents to venue in this Court for this matter.

## FACTUAL ALLEGATIONS

45.     Paragraph 45 of the Complaint asserts a legal conclusion and therefore no response is required.

46.     Paragraph 46 of the Complaint asserts a legal conclusion and therefore no response is required.

47.     W&L admits that it is a recipient of federal funds.  The remainder of Paragraph 47 asserts a legal conclusion and therefore no response is required to this portion of Paragraph 47.

48.     Paragraph 48 of the Complaint asserts a legal conclusion and therefore no response is required.

49.     Paragraph 49 of the Complaint asserts a legal conclusion and therefore no response is required.

50.     Paragraph 50 of the Complaint asserts a legal conclusion and therefore no response is required.

51.     Paragraph 51 of the Complaint asserts a legal conclusion and therefore no response is required.

52.     Paragraph 52 of the Complaint asserts a legal conclusion and therefore no response is required.

53.     Paragraph 53 of the Complaint asserts a legal conclusion and therefore no response is required.

54.     Paragraph 54 of the Complaint asserts a legal conclusion and therefore no response is required.

55.     Paragraph 55 of the Complaint asserts a legal conclusion and therefore no response is required.

56.     Paragraph 56 of the Complaint asserts a legal conclusion and therefore no response is required.

57.     Paragraph 57 of the Complaint asserts a legal conclusion and therefore no response is required.

58.     Paragraph 58 of the Complaint asserts a legal conclusion and therefore no response is required.

59.     Paragraph 59 of the Complaint asserts a legal conclusion and therefore no response is required.

60.     Paragraph 60 of the Complaint asserts a legal conclusion and therefore no response is required.

61.     Paragraph 61 of the Complaint asserts a legal conclusion and therefore no response is required.

62.     Paragraph 62 of the Complaint asserts a legal conclusion and therefore no response is required.

63.     Paragraph 63 of the Complaint asserts a legal conclusion and therefore no response is required.

64.     Paragraph 64 of the Complaint asserts a legal conclusion and therefore no response is required.

65.     Paragraph 65 of the Complaint asserts a legal conclusion and therefore no response is required.

66.     Paragraph 66 of the Complaint asserts a legal conclusion and therefore no response is required.

67.     Paragraph 67 of the Complaint asserts a legal conclusion and therefore no response is required.

68.     Paragraph 68 of the Complaint asserts a legal conclusion and therefore no response is required.

69.     Paragraph 69 of the Complaint asserts a legal conclusion and therefore no response is required.

70.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 70 of the Complaint.

71.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 71 of the Complaint.

72.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 72 of the Complaint.

73.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 73 of the Complaint.

74.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint asserts a legal conclusion and therefore no response is required.

76.     Paragraph 76 of the Complaint asserts a legal conclusion and therefore no response is required.

77.     Paragraph 77 of the Complaint asserts a legal conclusion and therefore no response is required.

78.     Paragraph 78 of the Complaint asserts a legal conclusion and therefore no response is required.

79.     Paragraph 79 of the Complaint asserts a legal conclusion and therefore no response is required.

80.     Paragraph 80 of the Complaint asserts a legal conclusion and therefore no response is required.

81.     Paragraph 81 of the Complaint asserts a legal conclusion and therefore no response is required.

82.     Paragraph 82 of the Complaint asserts a legal conclusion and therefore no response is required.

83.     W&L admits the allegations in Paragraph 83 of the Complaint.

84.     W&L lacks knowledge or information sufficient to form a belief regarding the number of colleges and universities under federal investigation for mishandling sexual assault allegations during the undefined time period referenced in Paragraph 84 of the Complaint, or whether female students "overwhelmingly" asserted these allegations. W&L admits the remaining allegations in Paragraph 84 of the Complaint.

85.     W&L admits the allegations in Paragraph 85 of the Complaint.

86.     W&L admits the allegations in Paragraph 86 of the Complaint.

87.     W&L admits the allegations in Paragraph 87 of the Complaint.

88.     W&L admits that the investigators learned that Ms. Roe visited the home of the individual referred to in the Complaint as the "2014 complainant" on March 10, 2017 and that Ms. Roe selected this individual to serve as an advisor during the hearing. W&L lacks knowledge or information sufficient to form a belief regarding whether Ms. Roe and this individual are friends and whether they "partied" on the evening of March 10, 2017. W&L denies the remaining allegations in Paragraph 88 of the Complaint.

89.     W&L admits the allegations in Paragraph 89 of the Complaint. W&L avers that, under the University's policies and applicable law, sexual assault complainants and respondents are empowered to select their own advisors for sexual misconduct hearings.

90.     W&L admits the allegations in Paragraph 90 of the Complaint.

91.     W&L denies the allegations in Paragraph 91 of the Complaint.

92.     W&L admits the allegations in Paragraph 92 of the Complaint.

93.     W&L admits the allegations in Paragraph 93 of the Complaint.

94.     W&L admits the allegations in Paragraph 94 of the Complaint.

95.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 95 of the Complaint.

96.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 96 of the Complaint.

97.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 97 of the Complaint.

98.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 98 of the Complaint.

99.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 99 of the Complaint.

100.    W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 100 of the Complaint.

101.    W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 101 of the Complaint.

102.    W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 102 of the Complaint.

103.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 103 of the Complaint.

104.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 104 of the Complaint.

105.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 105 of the Complaint.

106.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 106 of the Complaint.

107.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 107 of the Complaint.

108.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 108 of the Complaint.

109.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 109 of the Complaint.

110.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 110 of the Complaint.

111.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 111 of the Complaint.

112.    W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 112 of the Complaint.

113. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 113 of the Complaint.

114. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 114 of the Complaint.

115. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 115 of the Complaint.

116. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 116 of the Complaint.

117. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 117 of the Complaint.

118. Paragraph 118 of the Complaint asserts a legal conclusion and therefore no response is required.

119. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 119 of the Complaint.

120. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 120 of the Complaint.

121. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 121 of the Complaint.

122. W&L avers that the policy speaks for itself. W&L denies the remaining allegations in Paragraph 122 of the Complaint.

13

123.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 123 of the Complaint.

124.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 124 of the Complaint.

125.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 125 of the Complaint.

126.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 126 of the Complaint.

127.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 127 of the Complaint.

128.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 128 of the Complaint.

129.     W&L avers that the policy speaks for itself.  W&L denies the remaining allegations in Paragraph 129 of the Complaint.

130.     W&L admits the allegations in Paragraph 130 of the Complaint.

131.     W&L lacks knowledge or information sufficient to form a belief regarding Plaintiff's expectations for when he would graduate.

132.     W&L lacks knowledge or information sufficient to form a belief regarding when or if Plaintiff and Ms. Roe became friends, or the extent of their friendship.  W&L admits the remaining allegations in Paragraph 132 of the Complaint.

133. W&L denies the allegations in Paragraph 133 of the Complaint.

134. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 134 of the Complaint.

135. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 135 of the Complaint.

136. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 136 of the Complaint.

137. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 137 of the Complaint.

138. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 138 of the Complaint.

139. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 139 of the Complaint.

140. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 140 of the Complaint.

141. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 141 of the Complaint.

142. W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 142 of the Complaint.

143.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 143 of the Complaint.

144.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 144 of the Complaint.

145.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 145 of the Complaint.

146.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 146 of the Complaint.

147.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 147 of the Complaint.

148.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 148 of the Complaint.

149.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 149 of the Complaint.

150.    W&L admits that Plaintiff received a letter from University Title IX Coordinator Lauren Kozak on or about March 13, 2017 indicating that she wanted to speak with Plaintiff. W&L denies the remaining allegations in Paragraph 150 of the Complaint.

151.    W&L admits the allegations in Paragraph 151 of the Complaint, but for the allegation that the meeting referenced in this paragraph occurred on March 14, 2017; W&L avers that this meeting occurred on March 13, 2017.

152.    W&L admits the allegations in Paragraph 152 of the Complaint.

153.    W&L denies the allegation in Paragraph 153 of the Complaint that Plaintiff was not allowed to take notes regarding the content of the Investigation Report; W&L avers that Plaintiff was permitted to do so.  W&L admits the remaining allegations in Paragraph 153 of the Complaint.

154.    W&L denies the allegations in Paragraph 154 of the Complaint.

155.    W&L admits the allegations in Paragraph 155 of the Complaint.

156.    W&L admits the allegations in Paragraph 156 of the Complaint, but for the timing of the alcohol consumption alleged in this paragraph; W&L avers that Ms. Roe told investigators that she consumed four glasses of wine between 6:00 p.m. and 9:00 p.m.

157.    W&L admits the allegations in Paragraph 157 of the Complaint.

158.    W&L admits the allegations in Paragraph 158 of the Complaint.

159.    W&L denies that Ms. Roe sent flirty, suggestive Snapchat messages to Plaintiff during the night of the alleged assault.  W&L admits the remaining allegations in Paragraph 159 of the Complaint.

160.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 160 of the Complaint.

161.    W&L denies that the individuals identified in Paragraph 161 of the Complaint as "Witness A" and "the driver" told investigators that Ms. Roe seemed "fine" or "sober" during the night of March 10, 2017.  W&L lacks knowledge or information sufficient to form a belief

regarding whether Plaintiff knows the identity of Witness A. W&L admits the remaining allegations in Paragraph 161 of the Complaint.

162. W&L denies the implication in Paragraph 162 of the Complaint that Ms. Roe initiated text message communication with Plaintiff on the night of the alleged assault; W&L avers that Plaintiff initiated this text message communication. W&L admits the remaining allegations in Paragraph 162 of the Complaint.

163. W&L lacks knowledge or information sufficient to form a belief regarding whether or how Plaintiff and Ms. Roe arrived at Plaintiff's fraternity house on the night of the alleged assault. W&L denies the remaining allegations in Paragraph 163 of the complaint.

164. W&L admits the allegations in Paragraph 164 of the Complaint.

165. W&L denies the allegations in Paragraph 165 of the complaint. W&L avers that Ms. Roe told the University's investigators that, upon seeing a condom in Plaintiff's room, she asked Plaintiff if they had sexual intercourse the night before, and Plaintiff answered in the affirmative.

166. W&L admits that Dr. Boller met with Ms. Roe on April 13, 2017. W&L denies that this was the only time they met; Dr. Boller's report states that they also met on May 24, 2017. W&L admits the remaining allegations in Paragraph 166 of the Complaint.

167. W&L denies the allegations in Paragraph 167 of the Complaint. W&L avers that it referred Ms. Roe to the University's Counseling Center, generally, not Dr. Boller in particular, and for counseling services, not for a witness for the hearing.

18

168.     W&L admits that the investigators met with Dr. Boller on April 17, 2017.  W&L denies the remaining allegations in Paragraph 168 of the Complaint.

169.     W&L denies that Dr. Boller's letter constitutes an "expert report" or that the investigators characterized it as "medical evidence."  W&L admits the remaining allegations in Paragraph 169 of the Complaint.

170.     W&L lacks knowledge or information sufficient to form a belief regarding what Plaintiff knew about letters prepared in connection with the hearing of his matter, but W&L avers that a copy of Dr. Boller's letter was provided to Plaintiff by the Chair of the Harassment and Sexual Misconduct Board on April 18, 2017, a full week prior to the hearing.  W&L denies the remaining allegations in Paragraph 170 of the Complaint.

171.     W&L denies the allegations in Paragraph 171 of the Complaint.

172.     W&L admits the allegations in Paragraph 172 of the Complaint.

173.     W&L admits the allegations in Paragraph 173 of the Complaint.

174.     W&L denies that the University assigned Plaintiff or Ms. Roe a particular advisor for the hearing; W&L avers that Plaintiff and Ms. Roe provided input into the selection of their own advisors.  W&L admits the remaining allegations in Paragraph 174 of the Complaint.

175.     W&L admits the allegations in Paragraph 175 of the Complaint.

176.     W&L admits the allegations in Paragraph 176 of the Complaint.

177.     W&L admits that Paragraph 177 correctly quotes the Hearing Panel's decision. W&L denies the remaining allegations in Paragraph 177 of the Complaint.

178.    W&L denies the allegations in Paragraph 178 of the Complaint.

179.    W&L denies the allegations in Paragraph 179 of the Complaint.  W&L avers that the Hearing Panel's Decision Form speaks for itself regarding the Hearing Panel's credibility determinations.

180.    W&L denies the allegations in Paragraph 180 of the Complaint.

181.    W&L denies the allegations in Paragraph 181 of the Complaint.

182.    W&L admits that the panel did not call Witness A to testify at the hearing.  W&L denies the remaining allegations in Paragraph 182 of the Complaint.

183.    W&L denies the allegations in Paragraph 183 of the Complaint.

184.    W&L denies the allegations in Paragraph 184 of the Complaint.

185.    W&L denies the allegations in Paragraph 185 of the Complaint.

186.    W&L denies the allegations in Paragraph 186 of the Complaint.

187.    W&L denies the allegations in Paragraph 187 of the Complaint.

188.    W&L admits the allegations in Paragraph 188 of the Complaint.

189.    W&L denies the allegations in Paragraph 189 of the Complaint.

190.    W&L denies the allegations in Paragraph 190 of the Complaint.

191.    W&L denies the allegations in Paragraph 191 of the Complaint.

192.     W&L denies the allegations in Paragraph 192 of the Complaint.

193.     W&L denies the allegations in Paragraph 193 of the Complaint.

194.     W&L denies the allegations in Paragraph 194 of the Complaint.

195.     W&L denies the allegations in Paragraph 195 of the Complaint.

196.     W&L denies the allegations in Paragraph 196 of the Complaint.

197.     W&L denies the allegations in Paragraph 197 of the Complaint.

198.     W&L lacks knowledge or information sufficient to form a belief regarding the thoughts Plaintiff had during the hearing. W&L denies the remaining allegations in Paragraph 198 of the Complaint.

199.     W&L admits the allegations in Paragraph 199 of the Complaint.

200.     W&L admits the allegations in Paragraph 200 of the Complaint.

201.     W&L admits the allegations in Paragraph 201 of the Complaint, but avers that this notation was removed from Plaintiff's transcript once Plaintiff had served the period of suspension and was eligible to apply for reinstatement.

202.     W&L denies the allegation in Paragraph 202 of the Complaint that Trenya Mason or Keith Davis served on the Appeal Panel.  W&L admits the remaining allegations in Paragraph 202 of the Complaint.

203.     W&L admits the allegations in Paragraph 203 of the Complaint.

204.    W&L admits that Paragraph 204 of the Complaint correctly describes Plaintiff's appeal of the Hearing Panel's decision.  W&L denies the remaining allegations included in Paragraph 204 of the Complaint.

205.    W&L admits that Paragraph 205 of the Complaint correctly describes Plaintiff's appeal of the Hearing Panel's decision.  W&L denies the allegations included in Paragraph 205 of the Complaint.

206.    W&L denies the allegations in Paragraph 206 of the Complaint.

207.    W&L denies the allegations in Paragraph 207 of the Complaint.

208.    W&L admits that the Appeal Panel consisted of W&L administrators.  W&L denies the remaining allegations in Paragraph 208 of the Complaint.

209.    W&L admits the allegations in Paragraph 209 of the Complaint.

210.    W&L admits the allegations in Paragraph 210 of the Complaint.

211.    W&L admits that one of Plaintiff's applications for reinstatement included a letter from a psychologist.  W&L lacks knowledge or information sufficient to form a belief regarding this psychologist's training or experience.  W&L denies the remaining allegations in Paragraph 211 of the Complaint.  W&L avers that its reinstatement criteria are multifaceted and holistic and that Plaintiff's applications for reinstatement did not satisfy these criteria.

212.    W&L lacks knowledge or information sufficient to form a belief regarding Plaintiff's psychologist's conclusions regarding Plaintiff.  W&L admits that Plaintiff provided

W&L with a letter from a psychologist and Paragraph 212 of the Complaint correctly quotes from this letter.

213.    W&L lacks knowledge or information sufficient to form a belief regarding Plaintiff's psychologist's conclusions regarding Plaintiff.  W&L admits that Plaintiff provided W&L with a letter from a psychologist and Paragraph 213 of the Complaint correctly quotes from this letter.

214.    W&L admits the allegations in Paragraph 214 of the Complaint.

215.    W&L admits that it sent a letter to Plaintiff dated November 30, 2017 denying his application for reinstatement.  W&L avers that the contents of the letter speak for themselves. W&L denies the remaining allegations in Paragraph 215 of the Complaint.

216.    W&L denies the allegations in Paragraph 216 of the Complaint.

217.    W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 217 of the Complaint.

218.    W&L denies the allegations in Paragraph 218 of the Complaint.

219.    W&L denies the allegations in Paragraph 219 of the Complaint.

220.    W&L admits the allegations in Paragraph 220 of the Complaint.

221.    W&L admits the allegations in Paragraph 221 of the Complaint.

222.    W&L admits that Plaintiff included an essay with his second application for reinstatement.  W&L avers that the content of this essay speaks for itself.  W&L denies the remaining allegations in Paragraph 222 of the Complaint.

223.    W&L admits that Plaintiff included an essay with his second application for reinstatement.  W&L avers that the content of this essay speaks for itself.  W&L denies the remaining allegations in Paragraph 223 of the Complaint.

224.    W&L admits the allegations in Paragraph 224 of the Complaint.

225.    W&L admits that Plaintiff included an essay with his second application for reinstatement.  W&L avers that the content of this essay speaks for itself.  W&L denies the remaining allegations in Paragraph 225 of the Complaint.

226.    W&L admits that Plaintiff included an essay with his second application for reinstatement.  W&L avers that the content of this essay speaks for itself.  W&L denies the remaining allegations in Paragraph 226 of the Complaint.

227.    W&L admits the allegations in Paragraph 227 of the Complaint.

228.    W&L admits that Plaintiff included an essay with his second application for reinstatement.  W&L avers that the content of this essay speaks for itself.  W&L denies the remaining allegations in Paragraph 228 of the Complaint.

229.    W&L denies the allegations in Paragraph 229 of the Complaint.

230.    W&L admits the allegations in Paragraph 230 of the Complaint.

231.     W&L denies that it made the completion of coursework a "condition" of Plaintiff's reinstatement.  Rather, W&L avers that it encouraged Plaintiff to complete coursework during his time away in order to strengthen any future application for reinstatement. W&L denies the remaining allegations in Paragraph 231 of the Complaint.

232.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 232 of the Complaint.

233.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 233 of the Complaint.

234.     W&L denies the allegations in Paragraph 234 of the Complaint.

235.     W&L denies the allegations in Paragraph 235 of the Complaint.

236.     W&L denies the allegations in Paragraph 236 of the Complaint.

237.     W&L admits the allegations in Paragraph 237 of the Complaint.

238.     W&L denies the allegations in Paragraph 238 of the Complaint.

239.     W&L denies the allegations in Paragraph 239 of the Complaint.

240.     W&L denies the allegations in Paragraph 240 of the Complaint.

241.     W&L denies the allegations in Paragraph 241 of the Complaint.

242.     W&L denies the allegations in Paragraph 242 of the Complaint.

243.     W&L denies the allegations in Paragraph 243 of the Complaint.

244. W&L denies the allegations in Paragraph 244 of the Complaint.

**COUNT I**
**Discrimination in Violation of Title IX of the Education Amendments Act of 1972**

245. W&L incorporates by reference the preceding paragraphs of this Answer.

246. Paragraph 246 of the Complaint asserts a legal conclusion and therefore no response is required.

247. Paragraph 247 of the Complaint asserts a legal conclusion and therefore no response is required.

248. W&L admits the allegations in Paragraph 248 of the Complaint.

249. W&L denies the allegations in Paragraph 249 of the Complaint.

250. W&L admits the allegations in Paragraph 250 of the Complaint.

251. W&L admits the allegations in Paragraph 251 of the Complaint.

252. W&L denies the allegations in Paragraph 252 of the Complaint.

253. W&L denies the allegations in Paragraph 253 of the Complaint.

254. W&L denies the allegations in Paragraph 254 of the Complaint.

255. W&L denies the allegations in Paragraph 255 of the Complaint.

256. W&L denies the allegations in Paragraph 256 of the Complaint.

257. W&L denies the allegations in Paragraph 257 of the Complaint.

258.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 258 of the Complaint.

259.     W&L lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 259 of the Complaint.

260.     W&L denies the allegations in Paragraph 260 of the Complaint.

261.     W&L denies the allegations in Paragraph 261 of the Complaint.

262.     W&L denies the allegations in Paragraph 262 of the Complaint.

263.     W&L denies the allegations in Paragraph 263 of the Complaint.

264.     W&L denies the allegations in Paragraph 264 of the Complaint.

265.     W&L denies the allegations in Paragraph 265 of the Complaint.

266.     W&L denies the allegations in Paragraph 266 of the Complaint.

**COUNT II**
**Retaliation in Violation of Title IX of the Education Amendments Act of 1972**

267.     W&L incorporates by reference the preceding paragraphs of this Answer.

268.     Paragraph 268 of the Complaint asserts a legal conclusion and therefore no response is required.

269.     W&L denies the allegations in Paragraph 269 of the Complaint.

270.     W&L denies the allegations in Paragraph 270 of the Complaint.

271.    W&L denies the allegations in Paragraph 271 of the Complaint.


**COUNT III**
**Breach of Implied Contract**

272.    W&L incorporates by reference the preceding paragraphs of this Answer.


273.    W&L denies the allegations in Paragraph 273 of the Complaint.


274.    W&L lacks knowledge or information sufficient to form a belief regarding the

allegations in Paragraph 274 of the Complaint.


275.    W&L denies the allegations in Paragraph 275 of the Complaint.


276.    W&L denies the allegations in Paragraph 276 of the Complaint.


277.    W&L denies the allegations in Paragraph 277 of the Complaint.


278.    W&L denies the allegations in Paragraph 278 of the Complaint.


279.    W&L denies the allegations in Paragraph 279 of the Complaint.


280.    W&L denies the allegations in Paragraph 280 of the Complaint.


281.    W&L denies the allegations in Paragraph 281 of the Complaint.


282.    W&L denies the allegations in Paragraph 282 of the Complaint.


283.    W&L denies the allegations in Paragraph 283 of the Complaint.


284.    W&L denies the allegations in Paragraph 284 of the Complaint.


285.    W&L denies the allegations in Paragraph 285 of the Complaint.

## COUNT IV
### Negligence

286.    W&L incorporates by reference the preceding paragraphs of this Answer.

287.    Paragraph 287 of the Complaint asserts a legal conclusion and therefore no response is required.

288.    Paragraph 288 of the Complaint asserts a legal conclusion and therefore no response is required.

289.    W&L denies the allegations in Paragraph 289 of the Complaint.

290.    W&L denies the allegations in Paragraph 290 of the Complaint.

291.    W&L denies the allegations in Paragraph 291 of the Complaint.

292.    W&L denies the allegations in Paragraph 292 of the Complaint.

293.    W&L denies the allegations in Paragraph 293 of the Complaint.

294.    Any allegation in the Complaint not expressly admitted is hereby denied.

### PRAYER FOR RELIEF

W&L denies that Plaintiff is entitled to the relief requested in the Complaint or any other relief.

### JURY DEMAND

W&L admits that Plaintiff has demanded a jury trial for this case.

29

## AFFIRMATIVE AND OTHER DEFENSES

W&L avers that each of the following affirmative or other defenses has or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. W&L does not implicitly or otherwise undertake any burden of proof or production as to any of these defenses that the law does not otherwise impose on it.

1. Plaintiff's causes of action fail to state a claim upon which relief can be granted, as more fully set forth in Defendant's Motion to Dismiss and supporting memorandum of law.

2. Plaintiff and Defendant did not enter into a contract as asserted in the Complaint, implied or otherwise.

3. Plaintiff's Complaint is barred by the Economic Loss Rule and the related Source of Duty Rule under Virginia law.

4. Plaintiff's negligence claim is barred by the doctrine of contributory negligence.

5. The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, and accord and satisfaction.

7. Plaintiff's claims fail because all relevant decisions made by Defendant were motivated by legitimate, non-discriminatory factors, and were not motivated by gender or retaliation.

8. Each and every action taken by Defendant with regard to this matter was undertaken in good faith and in full compliance with all applicable laws, rules, regulations, and agreements.

9. Plaintiff has failed to mitigate Plaintiff's damages.

W&L reserves the right to assert additional defenses as they become known during the course of discovery.

Dated: July 15, 2019                          Respectfully submitted,

                                             **WASHINGTON & LEE UNIVERSITY**

                                             By: __/s/_____

                                             R. Craig Wood (VSB # 24264)
                                             MCGUIREWOODS LLP
                                             652 Peter Jefferson Parkway, Ste. 350
                                             P. O. Box 1288
                                             Charlottesville, VA 22902
                                             (Office) (434) 977-2558
                                             (Fax) (434) 980-2274
                                             cwood@mcguirewoods.com

                                             Micah B. Schwartz (VSB # 77299)
                                             MCGUIREWOODS LLP
                                             Gateway Plaza
                                             800 East Canal Street
                                             Richmond, Virginia 23219
                                             (Office) (804) 775-1000
                                             (Fax) (804) 698-2158
                                             mschwartz@mcguirewoods.com

                                             *Counsel for Defendant*

31

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 15th day of July 2019, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notification of such filing to the following:

          David G. Harrison (VSB #17590)
          THE HARRISON FIRM, PC
          5305 Medmont Circle SW
          Roanoke, VA 24018
          Tel: (540) 777-7100
          Fax: (540) 777-7101
          david@harrisonfirm.us

          Patricia M. Hamill (Pa. I.D. No. 48416)
          CONRAD O'BRIEN PC
          1500 Market Street, Centre Square
          West Tower, Suite 3900
          Philadelphia, PA 19102
          Tel: (215) 864-9600
          Fax: (215) 864-9620
          phamill@conradobrien.com

                                   /s/
                    R. Craig Wood (VSB # 24264)
                    McGuireWoods LLP
                    652 Peter Jefferson Parkway, Ste. 350
                    P. O. Box 1288
                    Charlottesville, VA  22902
                    (Office) (434) 977-2558
                    (Fax) (434) 980-2274
                    cwood@mcguirewoods.com

                    Micah B. Schwartz (VSB # 77299)
                    McGuireWoods LLP
                    Gateway Plaza
                    800 East Canal Street
                    Richmond, Virginia  23219
                    (Office) (804) 775-1000
                    (Fax) (804) 698-2158
                    mschwartz@mcguirewoods.com

                    *Counsel for Defendant*