**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

JOHN DOE,

      Plaintiff,

v.

WASHINGTON AND LEE
UNIVERSITY,

      Defendant.

**Civil Action No.:**
**6:19-cv-00023**

**PLAINTIFF'S MOTION TO COMPEL**
**THE PRODUCTION OF DOCUMENTS**

Plaintiff, John Doe, respectfully moves this Court for an Order compelling Defendant

Washington and Lee University to produce certain documents for the reasons set forth in the

accompanying memorandum of law.

Dated: February 28, 2020

Respectfully submitted,

*/s/ Andrew S. Gallinaro*_____
Patricia M. Hamill (Pa. I.D. No. 48416)
Andrew S. Gallinaro (Pa. I.D. No. 201326)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600/Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted Pro Hac Vice)

David G. Harrison (VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100/Fax: (540) 777-7101
david@harrisonfirm.us

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>WASHINGTON AND LEE<br>UNIVERSITY,<br><br>      Defendant. | **Civil Action No. 6:19-cv-00023** |

## ORDER COMPELLING PRODUCTION

Upon consideration of the Plaintiff John Doe's Motion to Compel the Production of Documents, and Defendant Washington and Lee University's opposition thereto, it is hereby ORDERED that the Motion is GRANTED.  Washington and Lee shall produce within 10 days complete Investigation Reports, included all appendices, together with Hearing Panel Decision Letters for each of the cases identified by Plaintiff's counsel, as set forth in Exhibit D to the Motion.

IT IS FURTHER ORDERED that Washington and Lee may redact all student names from the records ordered to be produced.

IT IS FURTHER ORDERED that the production may be designated as "ATTORNEYS EYES ONLY," and that such documents may be disclosed only to the following individuals:

(a) Counsel of record in this action, as well as employees of said counsel to whom it is
   reasonably necessary to disclose the information;

(b) The Court and its personnel;

(c)  Court reporters and deposition videographers and their staff; and

(d)  Witnesses employed by Washington and Lee University at any deposition, hearing, or

other proceeding held in connection with this judicial proceeding.

IT IS FURTHER OREDERED that any Court filings containing material that has been

designated "ATTORNEYS EYES ONLY" pursuant to this Order must be filed under seal.

Entered:


Robert S. Ballou
United States Magistrate Judge

Patricia M. Hamill
Andrew S. Gallinaro
(Pa. I.D. Nos. 48416 & 201326)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted *Pro Hac Vice*)

David G. Harrison
(VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100
Fax:  (540) 777-7101
david@harrisonfirm.us

*Attorneys for Plaintiff John Doe*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>         Plaintiff,<br><br>v.<br><br>WASHINGTON AND LEE UNIVERSITY,<br><br>         Defendant. | **Civil Action No.:**<br>**6:19-cv-00023**<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |

## I.     INTRODUCTION

Plaintiff John Doe ("John") filed this lawsuit against Washington and Lee University ("W&L" or "the University") asserting, *inter alia*, gender discrimination and retaliation in violation of Title IX. John alleges that he was the subject of a false accusation of sexual misconduct by a female student in 2017 and that W&L wrongly found him responsible. John also asserts that W&L further retaliated against him by refusing to reinstate John after he served his suspension and fulfilled W&L's conditions for readmission.

At issue in this discovery dispute are John's requests for specific reports from W&L's investigations and disciplinary decisions involving students other than John. Specifically, John seeks ten investigation reports and hearing panel decision letters associated with cases that W&L has adjudicated involving similar allegations of non-consensual sexual activity. W&L objects to producing any of the underlying material for the ten cases John has selected based on its unilateral determination that none of those cases are relevant.

## II.     RELEVANT PROCEDURAL HISTORY

John Doe served his first request for documents on July 31, 2019. While W&L served its written objections to John's document requests on September 20, 2019, it was not until November and December that W&L began to produce documents in response. Plaintiff's Document Request No. 17 sought "All hearing board opinions and appeal decisions relating to proceedings held pursuant to the Sexual Misconduct Policy, from academic year 2009-10 to the present, with the names of all involved students redacted, but the gender of the students indicated."  (See Plaintiff's First Set of Document Requests attached hereto as **Exhibit A**). In serving its written responses, W&L asserted the following objections to Request No. 17: "W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request as overly broad and unduly

2

burdensome because it seeks information that is not relevant to this case. W&L stands on these objections."  (W&L's Responses and Objections to Plaintiff's First Set of Document Requests attached hereto as **Exhibit B**).

Upon receipt and review of W&L's initial document production, John served supplemental discovery on December 13, 2019. (Plaintiff's Second Set of Requests for Production of Documents and Second Set of Interrogatories attached hereto as **Exhibit C**). John's supplemental discovery contained a single document request: "The investigation reports (including their appendices) from all cases in which a hearing panel resolved contested allegations of non-consensual sexual penetration or non-consensual sexual touching from academic years 2009-10 through the present."  W&L never served written responses to John's supplemental discovery requests. However, in multiple conversations between counsel W&L made its position clear that it would not produce any documents in response to this request.

Instead, in response to John's Interrogatories asking for a summary of certain information related to other student sexual misconduct disciplinary proceedings at W&L, the University produced a chart providing only basic information and asserts that no other information related to other student cases is relevant.[1]  In the weeks that followed W&L's production of this information, counsel for both parties engaged in prolonged but productive discussions concerning a variety of discovery disputes, many of which the parties resolved without Court intervention. However, the parties were unable to resolve their disagreement concerning John's requests for the hearing decisions and investigation reports underlying W&L's past Title IX

---

[1] The chart as initially provided by W&L reflects the following information from the 2016-2017 academic year through the present: (i) the category / charge of the alleged offense (i.e. "Sexual Harrassment", "Nonconsensual Sexual Contact", etc.); (ii) the names of the investigators; (iii) the date of the hearing; (iv) the hearing board's determination as to the responsibility of the respondent (i.e. "responsible" or "not responsible"); (v) the sanctions imposed by the hearing board; (vi) the date of the appeal (if any); (vii) the names of the appellate panel; (viii) the outcome of the appeal, including the final sanctions issued; and (ix) the gender of the complainant and respondent.

adjudications. Accordingly, the parties participated in a Discovery Conference with Magistrate Judge Ballou on January 17, 2020.

During the conference, the parties agreed to a process intended to resolve the dispute. W&L agreed to expand the summary chart described above to cover all adjudications from 2009 through the present. From that chart, Plaintiff was to select the cases for which he requested the underlying investigation reports and decision letters. Counsel was explicit during the conference that Plaintiff's selection criteria would be any matter involving contested allegations of non-consensual sexual penetration or non-consensual sexual touching. This was intended to eliminate the requirement to produce information in cases where students accepted responsibility, or where the allegations involved other forms of alleged sexual misconduct not analogous to the conduct at issue here. In other words, Plaintiff agreed to limit his requests to only the most relevant cases in which students were charged with and contested the same type of charges as were at issue in John's disciplinary proceeding. Moreover, to assuage W&L's concerns for the privacy of the students involved in those proceedings, counsel also agreed that W&L could redact all student names from the materials it produced and further that W&L could produce the material pursuant to a protective order that would prevent anyone other than counsel from reviewing the material.

Pursuant to the parties' agreement, W&L produced the expanded chart of sexual misconduct adjudications on February 4, 2020. W&L's initial and expanded charts of summary information disclose the existence of 35 cases involving alleged sexual misconduct adjudicated by the University since 2009. Two days later, on February 6, 2020, Plaintiff identified 10 specific cases for the University to produce the underlying investigation reports and decision letters. (February 6, 2020 email attached hereto as **Exhibit D**). The cases Plaintiff selected adhered to the criteria counsel identified during the discovery conference with Magistrate Judge

4

Ballou. On February 12, 2020 counsel for W&L advised that it was likely W&L would not produce any of the requested cases "based on the irrelevance of these reports to the plaintiff's claims, and the sensitivity of the information contained within them." (February 12, 2020 email attached hereto as **Exhibit E**). Further discussion between counsel could not resolve the issue. Accordingly, John Doe is forced to pursue a formal order compelling W&L to produce the information he requests concerning W&L's handling of other Title IX sexual misconduct cases.

## III.    ARGUMENT

John Doe is entitled to investigation reports and hearing decisions in other cases decided by W&L because evidence of how W&L has treated similarly situated students is uniformly recognized by Courts across the country as relevant to determining the existence of gender bias – a required element of John's Title IX claim. Moreover, the scope of John's request (seeking cases from 2009-2010 through the present) is directly related to the allegations in his Complaint that the Department of Education's 2011 guidance exerted substantial pressure on schools to protect women from campus sexual assault by making it easier to find men responsible and that W&L experienced additional pressure to protect women as a result of a 2015 OCR investigation into W&L's handing of a female's reported assault in 2014. It is important to note that W&L did not move to dismiss John Doe's causes of action under Title IX. Accordingly, John is entitled to the discovery necessary to prove his claims.

The 4th Circuit has not yet articulated a standard for establishing claims under Title IX. But district courts in Virginia, including in the Western District, have adopted the 2nd Circuit's analysis in Yusuf *v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994), which recognizes several theories under Title IX, including: "erroneous outcome" and "selective enforcement." *See Streno v. Shenandoah Univ.*, 278 F. Supp. 3d 924, 929 (W.D. Va. 2017) (citing *Yusuf*); *Doe v.*

*Washington & Lee*, 2015 WL 4647996 at *9 (W.D. Va. 2015) (Moon, J.) (citing *Yusuf*). The information John seeks is relevant under both theories.

### A.        Erroneous Outcome

"In order to state a viable Title IX claim under an erroneous outcome theory, a plaintiff must plead (1) facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding, and (2) particular circumstances suggesting a causal relationship between that erroneous outcome and gender bias."  *Streno*, 278 F.Supp. 3d at 929. The discovery John seeks is necessary to establish the <u>second</u> element, i.e. gender bias. When assessing gender bias courts look for evidence of "patterns of decision-making that [ ] tend to show the influence of gender." *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573, 585 (E.D. Va. 2018) (internal citation omitted). John must have access to W&L's investigation reports and written decisions in other cases to determine whether W&L has engaged in a pattern of decision making against men when it has adjudicated cases similar to his own. Simply stated, no other evidence exists that would sufficiently address the existence of patterns tending to show gender bias.

W&L's summary chart setting forth limited information concerning other student cases is clearly insufficient to explore whether W&L has engaged in "patterns of decision making that tend to show the influence of gender."  Indeed, the chart contains only basic categories of information, including the charges at issue, whether the respondent was found responsible, and the genders of the parties involved. These disclosures are insufficient because John is unable to determine any information about the underlying facts in the identified cases to determine whether the cases involve similar conduct. For example, the summary of alleged misconduct and charge is limited to the specific policy alleged to have been violated, i.e. "Non-consensual Sexual Penetration," "Sexual Exploitation" and the like. Nothing about those descriptions provides John the ability to determine whether the conduct at issue was similar to the allegations

6

in John's case. John also has no ability to review the extensive information supplied to the hearing panels that decided each of those cases in the form of the investigation reports. Those reports summarize all the evidence collected by W&L's investigators, including witness testimony, which the hearing panels may rely on in rendering their decisions. Those reports contain not only a summary of the information collected by investigators, but a procedural history describing the conduct of the investigation. Without access to those reports John has no ability to compare how the University investigated past cases involving similar conduct to determine if investigators treat respondents consistently or to assess how changes in the school's sexual misconduct policies are borne out in practice.

Similarly, without access to hearing panel decision letters John has no ability to review W&L's rationale for the decisions it has made in comparable cases to determine if, for example, W&L has engaged in a pattern of deciding credibility contests between female complainants and male respondents in favor of women. While W&L's summary chart reflects that the University has found male respondents "not responsible" in Title IX matters and will surely point to this as evidence that it does not engage in gender discrimination against men – John knows nothing of the facts of those cases. It is certainly possible that the evidence of innocence was overwhelming in the few instances where men have been found not responsible for sexual misconduct at W&L. John has the right to explore whether in all "he said – she said" cases, like John's, the University has engaged in a pattern of crediting female accusers over male respondents.

There are myriad other ways information in the investigation reports and decision letters might be relevant to demonstrating a pattern of behavior motivated by gender, but John has no ability to determine this since he has no access to the information maintained in W&L's exclusive possession. And it would be inappropriate to require John to predict all the ways bias

7

might manifest itself W&L's conduct given the disparity in access to information between the parties. In short, the chart produced by W&L does not provide any of the detail necessary to sufficiently address the question of whether W&L has engaged in a pattern of gendered decision making and John is entitled to probe this theory in discovery.

### B.     Selective Enforcement

"To support a claim of selective enforcement, a male plaintiff must demonstrate that a female was in circumstances sufficiently similar to his own and was treated more favorably by the [school]." *Doe 2 by & through Doe 1 v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598, 608–09 (E.D. Va. 2019) (*internal* citation omitted). Accordingly, John must be able to discover into whether female students have been accused of similar misconduct at W&L, examine the manner in which their cases were handled, assess whether they were found responsible or not based on similar evidence and if found responsible whether they were punished as harshly as John, and determine whether W&L subjected female respondents' credibility to the same level of scrutiny as John. Without reviewing investigation reports that describe the conduct of W&L's investigations as well as the written decisions of the panels in any such cases, John has no way to determine if females at W&L were ever similarly situated to him, let alone whether the treatment they received differed in any material respect. Thus, the records John has requested are directly relevant and narrowly tailored to explore the evidence of an issue that is directly relevant to the elements of John's Title IX claim.

## IV.     CONCLUSION

W&L contends that its own attorneys have reviewed the documents underlying the limited number of cases John identified and have determined that – in W&L's view – the cases are factually distinguishable and therefore irrelevant. W&L's position is untenable and must be rejected. W&L's "relevance" objection is, in fact, a statement concerning W&L's belief as to the

weight of the evidence posed by the cases John selected for further discovery. W&L may believe every case John selected is factually distinguishable and that no possible conclusions may be drawn from a comparison of their facts to John's. But that is an argument for a later date – either on summary judgment or in a motion to preclude evidence at trial. To block the production of an entire category of information that is unquestionably relevant in a Title IX litigation (a university's treatment of other students accused of similar sexual misconduct) would allow university counsel to withhold discoverable information based on counsel's own assessment of the similarity of cases based on undisclosed, undefined and arbitrary criteria dictated by the defense.

The mere fact that W&L contends that none of the cases adjudicated by W&L in the past 10 years – not one – is "relevant" to John's claims is itself evidence that W&L's criteria for what is discoverable is arbitrary and improper. The facts of John's case are hardly unique in the context of college sexual misconduct – Jane alleged John engaged in sexual activity with her while she was incapacitated. It is difficult to believe none of W&L's other Title IX cases could possibly bear upon the question of whether W&L's conduct in John's case was motivated by gender, particularly when Courts have specifically held that a university's treatment of other students in similar cases is relevant to addressing that issue.

For all the foregoing reasons, John respectfully requests that the Court enter an order compelling W&L to turn over the information requested, in a form that adequately protects student privacy through the redaction of student names and an instruction that W&L may designate all such material as "attorneys' eyes only."

9

Dated: February 28, 2020                Respectfully submitted,

/s/ Andrew S. Gallinaro
Patricia M. Hamill (Pa. I.D. No. 48416)
Andrew S. Gallinaro (Pa. I.D. No. 201326)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted Pro Hac Vice)

David G. Harrison (VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100
Fax: (540) 777-7101
david@harrisonfirm.us

*Counsel for Plaintiff*

10

# EXHIBIT A

Patricia M. Hamill
(Pa. I.D. No. 48416)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted *Pro Hac Vice*)

David George Harrison
(VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100
Fax: (540) 777-7101
david@harrisonfirm.us

*Attorneys for Plaintiff John Doe*

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>WASHINGTON AND LEE<br>UNIVERSITY,<br><br>      Defendant. | **Civil Action No.:**<br>**6:19-cv-00023** |

## PLAINTIFF JOHN DOE'S FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANT WASHINGTON AND LEE UNIVERSITY

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff John Doe ("Plaintiff" or "Mr. Doe"), by and through his undersigned attorney, hereby demands that Defendant respond to the following Requests:

## DEFINITIONS

1.      The term "person" or "personnel" means any individual, natural person, governmental entity, corporation, proprietorship, partnership, unincorporated association, joint venture, firm, syndicate, any other business enterprise or legal entity, or any division, department or unit thereof, as well as any foreign equivalent thereof. References to any person shall include the person and its officers, directors, employees, partners, agents, representatives, attorneys, corporate parent, predecessors, successors, subsidiaries, and affiliates.

2.      The terms "refer," "referring," "relate," and "relating"  mean in connection with, regarding, reflecting, describing, discussing, evidencing, supporting, indicating, containing, stating, mentioning, embodying, pertaining to, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing, or having any logical or factual connection whatsoever to the subject matter in question.

3.      The terms "document" or "documents" include(s):

   a.   All written, typed, electronic, graphic or other recorded matter, however produced or reproduced, including, without limitation,  agreements, correspondences, contracts, memoranda, notes, summaries, calendars, diaries, minutes of any meetings, statements, facsimile, microfilms, photographs, ledgers, telegrams, invoices, receipts, computer printouts, information storage, tapes, disks, media, charts, graphs,  estimates, evaluations, manuals, books, brochures, handbooks, records, financial statements, records, intra-office communications, other communications, electronic mail communications on any server, desktop, laptop, smartphone, tablet, personal and/or business personal digital assistant (PDA), instant messages, text messages, phone records, voicemails, logs, minutes,

2

reports, tape recordings, sound recordings, videotapes, films, papers, and files.

**b.** Electronically stored data from which information stored or contained in any computer or storage device can be obtained or translated into usable form.

**c.** All drafts and all copies that differ in any respect from the original of any of the foregoing, including any notation, marking, or information not on the original, and all exhibits and attachments thereto.

**4.** The term "or" includes "and", and "and" includes "or".

**5.** The terms "any" and "all" mean "any and all", and the term "each" means "all and each".

**6.** The use of the singular form includes the plural form, and the use of the plural form includes the singular.

**7.** "Complaint" means the most recently amended complaint filed in this action, captioned *John Doe v. Washington and Lee University*, by Plaintiff in this Court.

**8.** "Parties" means Plaintiff and Defendant named in the Complaint.

**9.** "Plaintiff" means Plaintiff John Doe as identified in the Complaint.

**10.** "Defendant" means Washington and Lee University.

**11.** The "University" means Washington and Lee University and its officers, directors, employees, partners, agents, representatives, attorneys, predecessors, successors, subsidiaries, and affiliates.

**12.** "Jane Roe" or "Jane" means the complainant who made allegations against Plaintiff and is identified by the pseudonym "Jane Roe" in the Complaint.

**13.** "[T]he Allegations" means the allegations made by Jane Roe that led to the Disciplinary Proceeding at issue in the Complaint.

3

14.     The "Sexual Misconduct Policy" refers to all Washington and Lee University policies and procedures defining any and all forms of non-consensual sexual activities prohibited by the University and explaining how alleged violations of those policies and procedures are adjudicated by the University.

15.     "Investigation" means the University's investigation into the Allegations.

16.     "Investigators" includes any and all University personnel or contractors that investigated the Allegations.

17.     "Hearing" means the hearing that took place on April 15, 2017 involving the Allegations.

18.     "Hearing Board" refers to all of the individuals who presided over the Hearing and heard evidence.

19.     "Appeal" means the appeal of the Hearing Board's decision to find Plaintiff responsible for engaging in non-consensual sexual contact and non-consensual sexual penetration.

20.     "Disciplinary Proceeding" means the full proceeding provided by the University resulting from the Allegations that led to the University finding Plaintiff responsible for engaging in non-consensual sexual contact and non-consensual sexual penetration.

21.     "Education Record(s)" means all documents maintained by or in the possession of Defendants as that term is defined in the Family Educational Rights and Privacy Act (FERPA), codified at 20 U.S.C. § 1232g, and regulations promulgated thereunder. "Education Records" encompasses (but is not limited to) all documents that refer or relate to the Disciplinary Proceeding at issue or any disciplinary matter involving Mr. Doe.

## INSTRUCTIONS

1.      Except as otherwise specified, the Definitions and Instructions herein incorporate by reference the requirements set forth in the Federal Rules of Civil Procedure.

2.      Each of the document requests must be answered separately and fully in writing under oath.

3.      These document requests are continuing in nature in accordance with Fed. R. Civ. P. 26(e).

4.      The grounds for any objection by Defendant to any of the document requests, or to any part of any of the document requests, must be stated with specificity.

5.      In the event that any response or objection to any document requests, or to any portion of any document request, asserts a claim of privilege, work product, or any other asserted basis for protection from disclosure, furnish, with respect to each such response or objection, a privilege log that includes the following: (a) the date of the document; (b) the identity of the person or persons who authored, prepared, or wrote the document or participated in its preparation; (c) the identity of each person to whom the document was sent or disclosed or who received or viewed the document; (d) the precise privilege, work product, or other protection from discovery or disclosure being claimed with respect to the document; (e) the factual basis of the claim of privilege, work product, or other asserted protection from disclosure; and (f) without disclosing the substance of any information claimed to be privileged or protected from discovery or disclosure, the subject matter of the document.

6.      If you do not have the information necessary to answer any document request, but know where such information may be obtained, the source and availability of such information shall be disclosed and the person in possession or control of the information shall be

5

identified.

## DOCUMENT REQUESTS

1.    Plaintiff's entire Education Record.

2.    All documents considered by the University in evaluating John Doe's applications for reinstatement.

3.    All documents that refer or relate to the reinstatement criteria used in the evaluation of John Doe's applications for reinstatement with the University.

4.    All documents that refer or relate to the University's policies, procedures and methodology for determining whether to reinstate students following a suspension.

5.    All communications sent or received by the University, or exchanged between University employees, that refer or relate to John Doe's application for reinstatement and the University's evaluation thereof.

6.    All communications sent or received by the University, or exchanged between University employees, that refer or relate to John Doe or his counsel potentially filing a lawsuit against the University, including but not limited to communications regarding the October 26, 2018 letter and draft complaint sent by Nesenoff & Miltenberg LLP to Will Dudley and Jennifer Kirkland.

7.    All documents that refer or relate to the Disciplinary Proceeding, including all documents, drafts, and notes collected, generated, or maintained by Defendant or any University representative, employee, or agent concerning the Disciplinary Proceeding, the Allegations, the University's Sexual Misconduct Policy, the Investigation, the Hearing, or the Appeal.

8.    All documents that refer or relate to any communications, notes of, or meetings any University representative, employee, or agent had among themselves or with Jane, Jane's

advisor, Plaintiff, witnesses, or any other persons concerning the Disciplinary Proceeding, the Allegations, the Investigation, the Hearing, or the Appeal.

9.      All documents that refer or relate to the Allegations including but not limited to all of Jane's written statements and/or complaints regarding the Allegations and/or the Disciplinary Proceeding, including the Investigation, Hearing, and Appeal.

10.      All documents that refer or relate to the Investigation including but not limited to:

     a.   All documents or instructions that were provided to the Investigators in connection with the Disciplinary Proceeding or Investigation.

     b.   All documents that refer or relate to interviews conducted in connection with the Investigation, including interviews of Jane, Plaintiff, witnesses, and all other persons.

     c.   All physical, documentary, forensic, or expert evidence of any kind in the University's possession that refers or relates to the Disciplinary Proceeding, including but not limited to text messages, emails, social media posts, cell phone and phone data, videotapes, and photographs.

     d.   All documents relating to the University's efforts to gather evidence or information about the Allegations, including but not limited to requests to Jane, witnesses for documents or information.

     e.   All documents that refer or relate to training, education, and/or instruction provided to the Investigators relating to proceedings involving sexual misconduct.

11.      All documents that refer to or relate to the Hearing, Hearing Board, and the

Hearing Board's decision and opinions in this matter, including but not limited to:

    a.  All documents that refer or relate to the selection of the Hearing Board;

    b.  All documents or instructions that were provided to the Hearing Panel in connection with the Disciplinary Proceeding or the Hearing.

    c.  All documents that refer to or relate to communications between or among members of the Hearing Board, and/or between or among members of the Hearing Board and the University Office of the General Counsel and/or or any other University employee, that relate to the Disciplinary Proceeding, including the Investigation, Hearing, and Appeal.

    d.  Any notes, memos, or other documents created, composed, or generated by or for any member of the Hearing Board.

    e.  All documents (including notes) that refer or relate to questions submitted to the Hearing Board by Plaintiff or Jane to be asked of anyone at the Hearing.

    f.  All documents that refer or relate to training, education, and/or instruction provided to the Hearing Board members relating to proceedings involving sexual misconduct.

12.    All documents that refer or relate to the Appeal including but not limited to:

    a.  All documents and instructions that were provided to the Appellate Panel in connection with the Disciplinary Proceeding or the Appeal.

    b.  Any notes, memos, or other documents created, composed, or generated by the Appellate Panel in connection with the Appeal.

    c.  Any draft of documents that are related to the Appeal and which were created, composed, revised, and/or generated by the Appellate Panel.

    **d.**  All documents that refer or relate to training, education, and/or instruction provided to the Appellate Panel relating to proceedings involving sexual misconduct.

    **e.**  All documents that refer or relate to any communications and/or documents between or among the Appellate Panel and any other University personnel involved in any way with the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding.

**13.**  All documents that refer or relate to any communications or discussions of the Disciplinary Proceeding, including the Investigation, Hearing, and Appeal, by any University personnel including but not limited to the Board of Trustees and the Office of the President.

**14.**  The resumes and/or curriculum vitae for the Investigators, Hearing Board, Appellate Panel, Title IX Coordinator and any other University employee or representative involved in any way with the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding.

**15.**  All documents that refer or relate to performance reviews, evaluations, student surveys, or any other similar assessment of any University representative, employee, or agent involved in any way with the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding.

**16.**  All University policies and procedures related to sexual assault, sexual harassment, sexual violence, dating violence, sexual exploitation, stalking, and any other form of sexual misconduct in effect for each academic year from 2009-10 through the present.

**17.**  All documents that refer or relate to any changes, revisions, modifications, or additions to the policies and procedures referenced in Request No. 16, from 2009-10 through the

present.

18.     All documents, for each academic year from 2009-10 through the present, that refer or relate to reports, audits, compilations, graphs, and statistics prepared by or for the University regarding disciplinary proceedings related to violations of the Sexual Misconduct Policy, including but not limited to such data as (a) the number of sexual harassment, sexual misconduct (including sexual assault), dating violence, domestic violence, and stalking incidents reported each year, (b) the type of alleged misconduct or violation, (c) the charge(s) brought against the accused, if any, (d) the date of the Hearing, if a Hearing was held, (e) the names of the Hearing Board members, (f) the findings of the Hearing Boards, (g) the sanction(s) imposed, (h) the appeal, if any, (i) the name of the Appellate Panel members, and (j) the outcome of the appeal – with the names of all involved students redacted, but the gender of the students indicated.

19.     All hearing board opinions and appeal decisions relating to proceedings held pursuant to the Sexual Misconduct Policy, from academic year 2009-10 to the present, with the names of all involved students redacted, but the gender of the students indicated.

20.     All documents, from each academic year from 2009-10 to 2017-18, that refer or relate to communications with the Department of Education and the Office for Civil Rights of the Department of Education relating to violations of the University's sexual misconduct policies.

21.     All documents, reports, audits, compilations, and statistics submitted by the University to governmental agencies, including but not limited to the Department of Education and the Office for Civil Rights of the Department of Education, regarding sexual misconduct (including sexual assault), dating violence, domestic violence and stalking allegations and

outcomes for each academic year from 2009-10 through the present.

22.     All documents that refer or relate to training, education, and/or instruction provided by or to the University in connection with sexual misconduct (including sexual assault), dating violence, domestic violence and stalking proceedings for each academic year from 2009-10 through the present for University representatives involved in any way in the investigation, adjudication, and review of allegations of sexual misconduct (including sexual assault), dating violence, domestic violence and stalking. To the extent that these documents are available only through internet access, provide internet access addresses or hyperlinks.

23.     All documents that refer or relate to public speeches, seminars, or presentations given by any member of the University's Title IX department, and/or by any University representatives involved in any way in the investigation, adjudication, and review of allegations of sexual misconduct (including sexual assault), dating violence, domestic violence and stalking. This request includes but is not limited to the presentation delivered by Lauren Kozak in or around October of 2014, in which Ms. Kozak discussed the topic of sexual assault.

24.     The University's policies and procedures regarding retention of Education Records and obligations to maintain the confidentiality of Education Records.

25.     All documents requested by Plaintiff in Interrogatories directed to Defendant.

26.     All documents obtained by the University through the use of subpoenas issued in this action.

27.     All documents that the University intends to rely upon in its defense of this matter.

28.     All expert reports that the University intends to rely upon in its defense of this matter.

11

29.     All insurance agreements under which any insurance business may be liable to satisfy all or part of a possible judgment against Defendant in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Patricia M. Hamill
Pennsylvania Bar No. 48416
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted Pro Hac Vice)

David G. Harrison, Esq. (VSB # 17590)
The Harrison Firm, PC
5305 Medmont Circle, SW
Roanoke, VA 24018-1120
(540)777-7100
david@harrisonfirm.us

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Patricia M. Hamill, Esquire hereby certify that on the date set forth below a true copy

of the foregoing Plaintiff John Doe's First Set of Request for Production of Documents Directed

to Defendant was served via email and regular mail upon the following:

R. Craig Wood, Esq.
Virginia State Bar No. 24264
McGuireWoods LLP
652 Jefferson Parkway, Ste 530
P.O Box 1288
Charlottesville, VA  22902
Tel: (434) 977-2558
Fax: (434) 980-2274
cwood@mcguirewoods.com

Micah B. Schwartz
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
Tel: (804) 775-1000
Fax: (804) 698-2158
mschwartz@mcguirewoods.com

*Attorneys for Defendant*

Dated: July 31, 2019

Patricia M. Hamill

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 6:19-CV-00023** |
| | ) | |
| **WASHINGTON AND LEE UNIVERSITY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT WASHINGTON & LEE UNIVERSITY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Defendant Washington and Lee University ("W&L") responds to Plaintiff John Doe's ("Plaintiff" or "Doe") First Set of Document Requests as follows:

## GENERAL OBJECTIONS

1.     W&L objects to Doe's discovery requests to the extent that they call for information that is subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection. The inadvertent disclosure of such information is not intended to be a waiver of any privilege or protection.

2.     W&L objects to Doe's instructions and discovery requests to the extent that they seek to impose upon W&L obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure (the "Rules").

3.     These general objections are incorporated by reference into each of W&L's specific answers below. The specification of or failure to note objections included within these general objections in a particular answer or response to a discovery request is not intended to be a waiver of these or any other objections with respect to any of the discovery requests.

4.      Discovery is ongoing, and W&L reserves the right to supplement its responses if and when additional relevant information is discovered.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

1.      Plaintiff's entire Education Record.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection, W&L will produce documents responsive to this request.

2.      All documents considered by the University in evaluating John Doe's applications for reinstatement.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection, W&L will produce documents responsive to this request.

3.      All documents that refer or relate to the reinstatement criteria used in the evaluation of John Doe's applications for reinstatement with the University.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents that refer to this criteria because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce any

documents identifying the University's reinstatement criteria that the University relied upon in evaluating Plaintiff's applications for reinstatement.

4.      All documents that refer or relate to the University's policies, procedures and methodology for determining whether to reinstate students following a suspension.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents that refer to these policies, procedures, and methodologies because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.  Moreover, W&L objects to this request to the extent it requests the University's  policies, procedures, and methodologies at times other than those relevant to this case.   Subject to and without waiving these objections, W&L will produce any documents identifying the University's reinstatement policies, procedures, and methodologies that the University relied upon in evaluating Plaintiff's applications for reinstatement.

5.      All communications sent or received by the University, or exchanged between University employees, that refer or relate to John Doe's application for reinstatement and the University's evaluation thereof.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" communications on this subject matter in the University's possession because the investigation necessary to collect all such documents would

incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce documents responsive to this request.

      6.     All communications sent or received by the University, or exchanged between University employees, that refer or relate to John Doe or his counsel potentially filing a lawsuit against the University, including but not limited to communications regarding the October 26, 2018 letter and draft complaint sent by Nesenoff & Miltenberg LLP to Will Dudley and Jennifer Kirkland.

**<u>RESPONSE:</u>**

     W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection, W&L will produce documents responsive to this request.

      7.     All documents that refer or relate to the Disciplinary Proceeding, including all documents, drafts, and notes collected, generated, or maintained by Defendant or any University representative, employee, or agent concerning the Disciplinary Proceeding, the Allegations, the University's Sexual Misconduct Policy, the Investigation, the Hearing, or the Appeal.

**<u>RESPONSE:</u>**

     W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce documents responsive to this request.

8.      All documents that refer or relate to any communications, notes of, or meetings any University representative, employee, or agent had among themselves or with Jane, Jane's advisor, Plaintiff, witnesses, or any other persons concerning the Disciplinary Proceeding, the Allegations, the Investigation, the Hearing, or the Appeal.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce documents responsive to this request.

9.      All documents that refer or relate to the Allegations including but not limited to all of Jane's written statements and/or complaints regarding the Allegations and/or the Disciplinary Proceeding, including the Investigation, Hearing, and Appeal.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce documents responsive to this request.

10.     All documents that refer or relate to the Investigation including but not limited to:

    a.    All documents or instructions that were provided to the Investigators in connection with the Disciplinary Proceeding or Investigation.

    b.    All documents that refer or relate to interviews conducted in connection with the Investigation, including interviews of Jane, Plaintiff, witnesses, and all other persons.

    c.    All physical, documentary, forensic, or expert evidence of any kind in the University's possession that refers or relates to the Disciplinary Proceeding, including but not limited to text messages, emails, social media posts, cell phone and phone data, videotapes, and photographs.

    d.    All documents relating to the University's efforts to gather evidence or information about the Allegations, including but not limited to requests to Jane, witnesses for documents or information.

    e.    All documents that refer or relate to training, education, and/or instruction provided to the Investigators relating to proceedings involving sexual misconduct.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case. Subject to and without waiving these objections, W&L will produce documents responsive to this request.

11.    All documents that refer to or relate to the Hearing, Hearing Board, and the Hearing Board's decision and opinions in this matter, including but not limited to:

    a.  All documents that refer or relate to the selection of the Hearing Board;

    b.  All documents or instructions that were provided to the Hearing Panel in connection with the Disciplinary Proceeding or the Hearing.

    c.  All documents that refer to or relate to communications between or among members of the Hearing Board, and/or between or among members of the Hearing Board and the University Office of the General Counsel and/or or any other University employee, that relate to the Disciplinary Proceeding, including the Investigation, Hearing, and Appeal.

    d.  Any notes, memos, or other documents created, composed, or generated by or for any member of the Hearing Board.

    e. All documents (including notes) that refer or relate to questions submitted to the Hearing Board by Plaintiff or Jane to be asked of anyone at the Hearing.

    f. All documents that refer or relate to training, education, and/or instruction provided to the Hearing Board members relating to proceedings involving sexual misconduct.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case. Subject to and without waiving these objections, W&L will produce documents responsive to this request.

    12. All documents that refer or relate to the Appeal including but not limited to:

    a. All documents and instructions that were provided to the Appellate Panel in connection with the Disciplinary Proceeding or the Appeal.

    b. Any notes, memos, or other documents created, composed, or generated by the Appellate Panel in connection with the Appeal.

    c. Any draft of documents that are related to the Appeal and which were created, composed, revised, and/or generated by the Appellate Panel.

    d. All documents that refer or relate to training, education, and/or instruction provided to the Appellate Panel relating to proceedings involving sexual misconduct.

    e. All documents that refer or relate to any communications and/or documents between or among the Appellate Panel and any other University personnel involved in any way with the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in

7

the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce documents responsive to this request.

13.     All documents that refer or relate to any communications or discussions of the Disciplinary Proceeding, including the Investigation, Hearing, and Appeal, by any University personnel including but not limited to the Board of Trustees and the Office of the President.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents on this subject matter in the University's possession because the investigation necessary to collect all such documents would incur costs not proportional to the needs of this case.   Moreover, W&L objects to this request to the extent it seeks to impose on W&L an obligation to search records in the possession of the University's Trustees because the investigation necessary to collect these documents would incur costs not proportional to the needs of this case.  Subject to and without waiving these objections, W&L will produce documents responsive to this request.

14.     The resumes and/or curriculum vitae for the Investigators, Hearing Board, Appellate Panel, Title IX Coordinator and any other University employee or representative involved in any way with the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request as overly broad and unduly burdensome to the extent it seeks documents that are not in W&L's possession.  Moreover, W&L objects to this request as overly broad and unduly burdensome to the extent it seeks responsive documents from "any other University employee or representative involved in any way in the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding" because this would include employees with only tangential connection to these events.  Subject to and without waiving these objections, W&L will produce responsive documents in its possession.

15.     All documents that refer or relate to performance reviews, evaluations, student surveys, or any other similar assessment of any University representative, employee, or agent involved in any way with the Investigation, the Hearing, the Appeal, and/or the Disciplinary Proceeding.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome because it seeks documents that are not relevant to this matter. W&L stands on these objections.

16.     All University policies and procedures related to sexual assault, sexual harassment, sexual violence, dating violence, sexual exploitation, stalking, and any other form of sexual misconduct in effect for each academic year from 2009-10 through the present.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request to the extent it seeks documents regarding the University's sexual misconduct policies prior to or after the 2016-17 school year, because these policies are not relevant to Plaintiff's claims against W&L.  Subject to and without waiving these objections, W&L will produce its sexual misconduct policies and procedures for the 2016-17 academic year, which governed Plaintiff's disciplinary proceedings.

17.     All documents that refer or relate to any changes, revisions, modifications, or additions to the policies and procedures referenced in Request No. 16, from 2009-10 through the present.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request to the extent it seeks documents regarding the University's sexual misconduct policies prior to or after the 2016-17 school year, because these policies are not relevant to Plaintiff's claims against W&L.  Subject to and without waiving these objections, W&L will produce its sexual misconduct policies and procedures for the 2016-17 school year.

18.     All documents, for each academic year from 2009-10 through the present, that refer or relate to reports, audits, compilations, graphs, and statistics prepared by or for the University regarding disciplinary proceedings related to violations of the Sexual Misconduct Policy, including but not limited to such data as (a) the number of sexual harassment, sexual misconduct (including sexual assault), dating violence, domestic violence, and stalking incidents reported each year, (b) the type of alleged misconduct or violation, (c) the charge(s) brought against the accused, if any, (d) the date of the Hearing, if a Hearing was held, (e) the

names of the Hearing Board members, (f) the findings of the Hearing Boards, (g) the sanction(s) imposed, (h) the appeal, if any, (i) the name of the Appellate Panel members, and G) the outcome of the appeal - with the names of all involved students redacted, but the gender of the students indicated.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request because it seeks information protected by the Family Educational Rights and Privacy Act (FERPA). W&L further objects to this request as overly broad and unduly burdensome because it seeks information that is not relevant to this case. The relevant information this request seeks that is not protected by FERPA will be provided in response to Plaintiff's Interrogatory No. 5. W&L objects to producing any further information.

19.   All hearing board opinions and appeal decisions relating to proceedings held pursuant to the Sexual Misconduct Policy, from academic year 2009-10 to the present, with the names of all involved students redacted, but the gender of the students indicated.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine. W&L further objects to this request as overly broad and unduly burdensome because it seeks information that is not relevant to this case. W&L stands on these objections.

20.   All documents, from each academic year from 2009-10 to 2017-18, that refer or relate to communications with the Department of Education and the Office for Civil Rights

of the Department of Education relating to violations of the University's sexual misconduct policies.

**<u>RESPONSE:</u>**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome because it seeks information that is not relevant to this case.  W&L stands on these objections.

21.    All documents, reports, audits, compilations, and statistics submitted by the University to governmental agencies, including but not limited to the Department of Education and the Office for Civil Rights of the Department of Education, regarding sexual misconduct (including sexual assault), dating violence, domestic violence and stalking allegations and outcomes for each academic year from 2009-10 through the present.

**<u>RESPONSE:</u>**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome because it seeks information that is not relevant to this case.  W&L stands on these objections.

22.    All documents that refer or relate to training, education, and/or instruction provided by or to the University in connection with sexual misconduct (including sexual assault), dating violence, domestic violence and stalking proceedings for each academic year from 2009-10 through the present for University representatives involved in any way in the investigation, adjudication, and review of allegations of sexual misconduct (including sexual

assault), dating violence, domestic violence and stalking. To the extent that these documents are available only through internet access, provide internet access addresses or hyperlinks.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as overly broad and unduly burdensome to the extent it requests documents relating to the training of employees other than the investigators, hearing board members, and appeals panel members involved in the investigation or adjudication of Ms. Roe's claims, because the training all other employees received is not relevant to this case.  Subject to and without waiving these objections, W&L will produce the training materials used by the University during the 2016-17 school year for the investigators, hearing board members, and appeals panel members involved in the investigation or adjudication of Ms. Roe's claims.

23.    All documents that refer or relate to public speeches, seminars, or presentations given by any member of the University's Title IX department, and/or by any University representatives involved in any way in the investigation, adjudication, and review of allegations of sexual misconduct (including sexual assault), dating violence, domestic violence and stalking. This request includes but is not limited to the presentation delivered by Lauren Kozak in or around October of 2014, in which Ms. Kozak discussed the topic of sexual assault.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request to the extent it seeks documents relating to public speeches, seminars, or presentations given by University

employees that were not involved in the investigation or adjudication of Ms. Roe's claims, because these documents are not relevant to this case.  Subject to and without waiving these objections, W&L will produce responsive documents, if any exist in its possession, responsive to this request.

24.     The University's policies and procedures regarding retention of Education Records and obligations to maintain the confidentiality of Education Records.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request to the extent it seeks documents relating to time periods that are not relevant to this case.  Subject to and without waiving these objections, W&L will produce its current FERPA policy.

25.     All documents requested by Plaintiff in Interrogatories directed to Defendant.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  W&L further objects to this request as vague and ambiguous.  Subject to and without waiving these objections, W&L will produce any relevant documents identified in its interrogatory responses.

26.     All documents obtained by the University through the use of subpoenas issued in this action.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection,

W&L will produce documents responsive to this request if and when it receives responses to subpoenas issued in connection with this case.

27.     All documents that the University intends to rely upon in its defense of this matter.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection, W&L will provide the information required by Rule 26 in accordance with this Rule, the Local Rules, and the Court's orders.

28.     All expert reports that the University intends to rely upon in its defense of this matter.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection, W&L will provide the information required by Rule 26 in accordance with this Rule, the Local Rules, and the Court's orders.

29.     All insurance agreements under which any insurance business may be liable to satisfy all or part of a possible judgment against Defendant in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

W&L objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving this objection, W&L will produce documents responsive to this request.

15

Dated: September 20, 2019                    Respectfully submitted,

                                             **WASHINGTON & LEE UNIVERSITY**

                                              By:  ___/s/_____

                                             R. Craig Wood (VSB # 24264)
                                             MCGUIREWOODS LLP
                                             652 Peter Jefferson Parkway, Ste. 350
                                             P. O. Box 1288
                                             Charlottesville, VA  22902
                                             (Office) (434) 977-2558
                                             (Fax) (434) 980-2274
                                             cwood@mcguirewoods.com

                                             Micah B. Schwartz (VSB # 77299)
                                             MCGUIREWOODS LLP
                                             Gateway Plaza
                                             800 East Canal Street
                                             Richmond, Virginia  23219
                                             (Office) (804) 775-1000
                                             (Fax) (804) 698-2158
                                             mschwartz@mcguirewoods.com

                                             *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of September 2019, a true copy of the foregoing was emailed to the following:

David G. Harrison (VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100
Fax: (540) 777-7101
david@harrisonfirm.us

Patricia M. Hamill (Pa. I.D. No. 48416)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com

_____
/s/
R. Craig Wood (VSB # 24264)
MCGUIREWOODS LLP
652 Peter Jefferson Parkway, Ste. 350
P. O. Box 1288
Charlottesville, VA  22902
(Office) (434) 977-2558
(Fax) (434) 980-2274
cwood@mcguirewoods.com

Micah B. Schwartz (VSB # 77299)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
mschwartz@mcguirewoods.com

*Counsel for Defendant*

17

# EXHIBIT C

Patricia M. Hamill
(Pa. I.D. No. 48416)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted *Pro Hac Vice*)

David George Harrison
(VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100
Fax: (540) 777-7101
david@harrisonfirm.us

*Attorneys for Plaintiff John Doe*

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON AND LEE UNIVERSITY,<br><br>    Defendant. | **Civil Action No.:**<br>**6:19-cv-00023** |

**PLAINTIFF JOHN DOE'S SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND SECOND SET OF INTERROGATORIES
DIRECTED TO DEFENDANT WASHINGTON AND LEE UNIVERSITY**

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 26, 33 and 34 of the Federal Rules

of Civil Procedure, Plaintiff John Doe ("Plaintiff" or "Mr. Doe"), by and through his

undersigned attorney, hereby demands that Defendant respond to the following Document

Requests and Interrogatories:

## **DEFINITIONS**

1.      The term "person" or "personnel" means any individual, natural person,

governmental entity, corporation, proprietorship, partnership, unincorporated association, joint

venture, firm, syndicate, any other business enterprise or legal entity, or any division, department

or unit thereof, as well as any foreign equivalent thereof. References to any person shall include

the person and its officers, directors, employees, partners, agents, representatives, attorneys,

corporate parent, predecessors, successors, subsidiaries, and affiliates.

2.      The terms "refer," "referring," "relate," and "relating"  mean in connection with,

regarding, reflecting, describing, discussing, evidencing, supporting, indicating, containing,

stating, mentioning, embodying, pertaining to, setting forth, commenting on, assessing,

recording, constituting, comprising, touching upon, summarizing, or having any logical or

factual connection whatsoever to the subject matter in question.

3.      The terms "document" or "documents" include(s):

    **a.**  All written, typed, electronic, graphic or other recorded matter, however produced

        or reproduced, including, without limitation,  agreements, correspondences,

        contracts, memoranda, notes, summaries, calendars, diaries, minutes of any

        meetings, statements, facsimile, microfilms, photographs, ledgers, telegrams,

        invoices, receipts, computer printouts, information storage, tapes, disks, media,

        charts, graphs,  estimates, evaluations, manuals, books, brochures, handbooks,

        records, financial statements, records, intra-office communications, other

        communications, electronic mail communications on any server, desktop, laptop,

smartphone, tablet, personal and/or business personal digital assistant (PDA), instant messages, text messages, phone records, voicemails, logs, minutes, reports, tape recordings, sound recordings, videotapes, films, papers, and files.

**b.** Electronically stored data from which information stored or contained in any computer or storage device can be obtained or translated into usable form.

**c.** All drafts and all copies that differ in any respect from the original of any of the foregoing, including any notation, marking, or information not on the original, and all exhibits and attachments thereto.

**4.** The term "or" includes "and", and "and" includes "or".

**5.** The terms "any" and "all" mean "any and all", and the term "each" means "all and each".

**6.** The use of the singular form includes the plural form, and the use of the plural form includes the singular.

**7.** "Complaint" means the most recently amended complaint filed in this action, captioned *John Doe v. Washington and Lee University*, by Plaintiff in this Court.

**8.** "Parties" means Plaintiff and Defendant named in the Complaint.

**9.** "Plaintiff" means Plaintiff John Doe as identified in the Complaint.

**10.** "Defendant" means Washington and Lee University.

**11.** The "University" means Washington and Lee University and its officers, directors, employees, partners, agents, representatives, attorneys, predecessors, successors, subsidiaries, and affiliates.

**12.** "Jane Roe" or "Jane" means the complainant who made allegations against Plaintiff and is identified by the pseudonym "Jane Roe" in the Complaint.

13.     "[T]he Allegations" means the allegations made by Jane Roe that led to the Disciplinary Proceeding at issue in the Complaint.

14.     The "Sexual Misconduct Policy" refers to all Washington and Lee University policies and procedures defining any and all forms of non-consensual sexual activities prohibited by the University and explaining how alleged violations of those policies and procedures are adjudicated by the University.

15.     "Investigation" means the University's investigation into the Allegations.

16.     "Investigators" includes any and all University personnel or contractors that investigated the Allegations.

17.     "Hearing" means the hearing that took place on April 15, 2017 involving the Allegations.

18.     "Hearing Board" refers to all of the individuals who presided over the Hearing and heard evidence.

19.     "Appeal" means the appeal of the Hearing Board's decision to find Plaintiff responsible for engaging in non-consensual sexual contact and non-consensual sexual penetration.

20.     "Disciplinary Proceeding" means the full proceeding provided by the University resulting from the Allegations that led to the University finding Plaintiff responsible for engaging in non-consensual sexual contact and non-consensual sexual penetration.

21.     "Education Record(s)" means all documents maintained by or in the possession of Defendants as that term is defined in the Family Educational Rights and Privacy Act (FERPA), codified at 20 U.S.C. § 1232g, and regulations promulgated thereunder. "Education Records"

4

encompasses (but is not limited to) all documents that refer or relate to the Disciplinary

Proceeding at issue or any disciplinary matter involving Mr. Doe.

## INSTRUCTIONS

1.      Except as otherwise specified, the Definitions and Instructions herein incorporate

by reference the requirements set forth in the Federal Rules of Civil Procedure.

2.      Each of the document requests and interrogatories must be answered separately

and fully in writing under oath.

3.      These document requests and interrogatories are continuing in nature in

accordance with Fed. R. Civ. P. 26(e).

4.      The grounds for any objection by Defendant to any of the document requests and

interrogatories, or to any part of any of the document requests and interrogatories, must be stated

with specificity.

5.      In the event that any response or objection to any document request or

interrogatory, or to any portion of any document request or interrogatory, asserts a claim of

privilege, work product, or any other asserted basis for protection from disclosure, furnish, with

respect to each such response or objection, a privilege log that includes the following:  (a) the

date of the document; (b) the identity of the person or persons who authored, prepared, or wrote

the document or participated in its preparation; (c) the identity of each person to whom the

document was sent or disclosed or who received or viewed the document; (d) the precise

privilege, work product, or other protection from discovery or disclosure being claimed with

respect to the document; (e) the factual basis of the claim of privilege, work product, or other

asserted protection from disclosure; and (f) without disclosing the substance of any information

claimed to be privileged or protected from discovery or disclosure, the subject matter of the document.

**6.**     If you do not have the information necessary to answer any document request or interrogatory, but know where such information may be obtained, the source and availability of such information shall be disclosed and the person in possession or control of the information shall be identified.

## DOCUMENT REQUESTS

**1.**     The investigation reports (including their appendices) from all cases in which a hearing panel resolved contested allegations of non-consensual sexual penetration or non-consensual sexual touching from academic years 2009-10 through the present.

## INTERROGATORIES

**1.**     State whether any member of the Washington & Lee's Title IX Department directed or referred Jane Doe to Janet Boller during the Disciplinary Proceeding.

**2.**     Identify all cases involving alleged violations of the Sexual Misconduct Policy since academic year 2009-2010 in which Janet Boller (1) provided a report and/or letter on behalf of the complainant, or (2) was interviewed as a witness by university investigators.

**3.**     For all cases identified in response to Interrogatory No. 2, identify the gender of the complainant and respondent and describe the nature of the information provided by Ms. Boller, including whether any diagnoses or opinions concerning the credibility of the complainant were provided.

 /s/ Andrew S. Gallinaro
Patricia M. Hamill (pro hac vice)
Andrew S. Gallinaro (pro hac vice)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted Pro Hac Vice)

David G. Harrison, Esq. (VSB # 17590)
The Harrison Firm, PC
5305 Medmont Circle, SW
Roanoke, VA 24018-1120
(540)777-7100
david@harrisonfirm.us

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew S. Gallinaro, Esquire hereby certify that on the date set forth below a true copy

of the foregoing Plaintiff John Doe's Second Set of Request for Production of Documents and

Interrogatories Directed to Defendant was served via email and regular mail upon the following:

> R. Craig Wood, Esq.
> Virginia State Bar No. 24264
> McGuireWoods LLP
> 652 Jefferson Parkway, Ste 530
> P.O Box 1288
> Charlottesville, VA  22902
> Tel: (434) 977-2558
> Fax: (434) 980-2274
> cwood@mcguirewoods.com
>
> Micah B. Schwartz
> McGuire Woods LLP
> Gateway Plaza
> 800 East Canal Street
> Richmond, VA  23219
> Tel: (804) 775-1000
> Fax: (804) 698-2158
> mschwartz@mcguirewoods.com
>
> *Attorneys for Defendant*

Dated: December 13, 2019                    /s/ Andrew S. Gallinaro
                                            Andrew S. Gallinaro

# EXHIBIT D

# EXHIBIT E

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew S. Gallinaro, Esquire hereby certify that on the date set forth below a true and

correct copy of the foregoing Plaintiff's Motion to Compel Production of Documents was filed

and served on the following counsel of record via the Court's Electronic Filing System, where it

is available for viewing and downloading by all parties so registered::

> R. Craig Wood, Esquire (VSB No. 24264)
> Micah B. Schwartz, Esquire (VSB No. 77299)
> McGuireWoods LLP
> 652 Jefferson Parkway, Ste 530
> P.O Box 1288
> Charlottesville, VA  22902
> Tel: (434) 977-2558
> Fax: (434) 980-2274
> cwood@mcguirewoods.com
> mschwartz@mcguirewoods.com


Dated: February 28, 2020                  */s/ Andrew S. Gallinaro*
                                          Andrew S. Gallinaro