UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 6:19-CV-00023 |
| | ) |
| WASHINGTON AND LEE UNIVERSITY | ) |
| | ) |
|       Defendant. | ) |

**JOINT MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL**

Plaintiff John Doe ("Doe") and Defendant Washington and Lee University ("W&L" and collectively with Doe, the "Parties"), by their counsel, and pursuant to Local Rule 9, hereby file this memorandum in support of their joint motion to file their memoranda in support of and in opposition to W&L's motion for summary judgment (and all supporting documents) under seal.

**ARGUMENT AND AUTHORITIES**

The Parties are cognizant of the Fourth Circuit's presumption in favor of public access of court records. *See Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). However, this presumption is not absolute, and it "may be overcome if competing interests outweigh the interest in access." *Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2017 U.S. Dist. LEXIS 40326, at *2 (W.D. Va. Mar. 21, 2017) (granting in part motion to seal). With this exception in mind, Local Rule 9 requires that the movant state "the bases upon which the party seeks the [sealing] order, including the reasons why alternatives to sealing are inadequate, and...the duration for which sealing is requested." Local R. 9(b)(2). In this case, the Parties ask that this Court enter an order sealing the Parties memoranda in support of and in opposition to W&L's motion for summary judgment, as well as all supporting documents. Given that discussions of Doe's and Jane Roe's sexual interactions and of Doe's academic record pervade the memoranda, the motion is as

narrowly tailored as possible, because no alternatives to sealing would be adequate to protect the individuals involved and to serve additional relevant interests of this Court.

Courts in this circuit and elsewhere have held that cases involving sexual assault – especially sexual assault involving non-parties to the case – overcome the presumption of openness. *See, e.g.*, *Scott v. Graham*, No. 16-CV-2372 (KPF) (JLC), 2016 U.S. Dist. LEXIS 159245, at *3 (S.D.N.Y. Nov. 17, 2016) (collecting cases, and holding "[h]ere, there is a compelling reason to limit the general public's access to the documents filed in this case: safeguarding the identity of a rape victim."); *In re Buffalo News*, 969 F. Supp. 869, 871 (W.D.N.Y. 1997) ("[c]ourts should...exercise discretion to avoid unjustified disclosure of such intimate personal information...as needed to protect the individual privacy interests of innocent third parties.").

In *Doe v. Clemson Univ.*, No. 8:16-cv-1957-DCC, 2018 U.S. Dist. LEXIS 97312 (D.S.C. June 11, 2018), a student challenged a university's handing of sexual-assault allegations against him, which presented the court with privacy issues similar to the issues involved in this case. *Id.* at *2. In deciding to seal briefs filed by the parties, the court held that a seal was appropriate when "there [were] no less drastic alternatives available aside from sealing the documents. Specifically, the documents contain confidential and sensitive information about an alleged sexual assault and the Plaintiff's academic records." *Id.* at *4. The court further held that sealing the briefs would "effectuate the intent and purpose of the Court's prior Order" allowing plaintiff to proceed under a pseudonym. *Id.* As a result, the court held that "[u]nder the unique circumstances of [the] case, the public's right to obtain this information is outweighed by the competing interest of the parties in keeping information about Plaintiff's identity and the alleged sexual assault undergirding this case confidential." *Id.* at *4.

Courts in this circuit have also granted motions to seal in cases involving allegations of sexual assault. *See, e.g.*, *Doe v. Montgomery Cty. Bd. of Educ.*, No. 8:17-cv-03325-PX, 2020 U.S. Dist. LEXIS 59250, at *3 (D. Md. Apr. 6, 2020) (granting motion to seal in case involving allegations of sexual assault against minor). These courts note that allowing sealing at this stage will further the public's interest in creating conditions for sexual assault victims to come forward with their allegations and pursue resolution of them. *See, e.g., Wilmink v. Kanawha Cnty. Bd. of Educ.*, No. 2:03-0179, 2006 U.S. Dist. LEXIS 9504, at *7 (S.D.W. Va. Feb. 23, 2006) ("[i]f individuals are assured their identities will be protected in situations [involving sexual assault], they are more likely to come forward and candidly recount their experiences.").

Here, like in *Clemson*, Doe alleges that W&L discriminated against him in its attempts to resolve Roe's sexual assault allegations. Based on the underlying events at issue, as well as Doe's allegations regarding his applications for readmission, W&L's memorandum is replete with references to the alleged sexual assault and Plaintiff's academic record. Doe's opposition memorandum likely will be as well, given that he will have to respond to these same issues in his brief. Given the frequent references to these sensitive issues throughout the memoranda, "no less drastic alternatives" exist to sealing the memoranda and their supporting documents. Additionally, sealing the records would further the intent of this Court's order allowing Doe, Roe, and other students to proceed under a pseudonym (Doc. 22). Indeed, even if these young men and women are referred to in these memoranda and supporting documents by their pseudonyms, because of the extensive details that will be contained in the briefing, student identities still may be determined through context, particularly given W&L's small campus population. As a result, sealing is necessary to effectuate the Court's intent to preserve anonymity in this matter.

Additional factors favor sealing these memoranda, including protecting Roe's privacy interests as a non-party to this proceeding, and encouraging sexual assault victims to come forward in the future by assuring that their identities remain private. Each of these factors weigh in favor of granting the motion to seal.

For these reasons, the Parties request that this Court grant the joint motion, seal the Parties' memoranda in support of and in opposition to W&L's motion for summary judgment (including all supporting documents), and grant all such further relief as this Court deems just and proper.[1]

Dated: September 22, 2020

Respectfully submitted,

**WASHINGTON AND LEE UNIVERSITY**

/s/
R. Craig Wood (VSB #24264)
Micah B. Schwartz (VSB # 77299)
MCGUIREWOODS LLP
652 Peter Jefferson Parkway, Suite 350
P. O. Box 1288
Charlottesville, VA 22902
(434) 977-2558
(434) 980-2275 (facsimile)
cwood@mcguirewoods.com
mschwartz@mcguirewoods.com

*Counsel for Defendant*

**JOHN DOE**

/s/
Patricia M. Hamill (Pa. I.D. No. 48416)
Andrew S. Gallinaro (Pa. I.D. No. 201326)
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620
phamill@conradobrien.com
(Admitted Pro Hac Vice)

David G. Harrison (VSB #17590)
THE HARRISON FIRM, PC
5305 Medmont Circle SW
Roanoke, VA 24018
Tel: (540) 777-7100
Fax: (540) 777-7101
david@harrisonfirm.us

*Counsel for Plaintiff*

---

[1] To the extent this Court finds the Parties' arguments insufficient, the Parties request that this Court follow the court in *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-CV-00066, 2018 U.S. Dist. LEXIS 185830 (W.D. Va. Oct. 30, 2018), and hold the documents under seal pending supplemental briefing by the Parties addressing any concerns this Court may have.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September, 2020, a true copy of the foregoing was mailed, postage prepaid, to the following:

>David G. Harrison (VSB #17590)
>THE HARRISON FIRM, PC
>5305 Medmont Circle SW
>Roanoke, VA 24018
>Tel: (540) 777-7100
>Fax: (540) 777-7101
>david@harrisonfirm.us
>
>Patricia M. Hamill (Pa. I.D. No. 48416)
>Andrew S. Gallinaro (Pa. I.D. No. 201326)
>CONRAD O'BRIEN PC
>1500 Market Street, Centre Square
>West Tower, Suite 3900
>Philadelphia, PA 19102
>Tel: (215) 864-9600
>Fax: (215) 864-9620
>phamill@conradobrien.com

>/s/
>R. Craig Wood (VSB # 24264)
>Micah B. Schwartz (VSB # 77299)
>MCGUIREWOODS LLP
>652 Peter Jefferson Parkway, Ste. 350
>P. O. Box 1288
>Charlottesville, VA 22902
>(Office) (434) 977-2558
>(Fax) (434) 980-2274
>cwood@mcguirewoods.com
>mschwartz@mcguirewoods.com
>
>*Counsel for Defendant*