CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/6/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 6:19-cv-00023 |
| | ) |
| **WASHINGTON AND LEE UNIVERSITY** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

This matter is before the Court on the Parties' Joint Motion to Seal Defendant's Memorandum in Support of Motion for Summary Judgment. Dkt. 60.

The parties seek to seal both memoranda in support of and in opposition to Defendant's motion for summary judgment as well as all supporting documents. Id. Local Rule 9 requires a party seeking to seal documents to provide the court with "the non-confidential reasons why sealing is necessary, including the reasons why alternatives to sealing are inadequate." W.D. Va. Gen. R. 9. The parties assert that the proposed sealing is necessary to preserve anonymity and protect privacy. Dkt. 61. The parties argue that the information is sensitive given that it will discuss Plaintiff and Jane Roe's sexual interactions as well as Plaintiff's academic record. Dkt. 61.

The documents at issue have been submitted in connection with a dispositive motion; thus, the "more rigorous" First Amendment right of access applies. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir. 1988) ("'[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'") (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1983)). If a court record is subject

to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984); see also Doe v. Richland Cty. Sch. Dist. Two, 3:18-cv-02731, 2020 WL 1184051, *1-2 (D.S.C. March 12, 2020) ("To support sealing [in connection to summary judgment motion] the parties must present concrete proof that the public right of access is outweighed by a compelling governmental interest and sealing is narrowly tailored to serve that interest.").

To overcome the First Amendment right of access, the party seeking to keep the information sealed must present specific reasons to justify restricting access to the information. Id.; see also Press-Enterprise Co., 478 U.S. at 15 ("The First Amendment right of access cannot be overcome by [a] conclusory assertion."). Additionally, a court must comply with certain procedural requirements when presented with a request to seal judicial records or documents. Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). The court must first give public notice of the request to seal and a reasonable opportunity to challenge it. Id. The court must also consider less drastic alternatives to sealing. If the court decides to seal, it must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing. Id.

Here, the docketing of the Motion to Seal satisfies the "public notice" element of the procedural portion of the Fourth Circuit's sealing standard. See Stone, 855 F.2d at 181. The "public opportunity to challenge" requirement is met when the court allows sufficient time for objections to be made. See Erichsen v. RBC Capital Mkts. LLC, 883 F. Supp. 2d 562, 575 (E.D.N.C. 2012); Millennium Inorganic Chem. Ltd. v. Nat'l Union Fire Ins. Co., 893 F. Supp.

2d 715, 743-44 (D. Md. 2012); Honeycutt v. City of Rockingham, No. 1:09-cv-912, 2012 WL 360027 at *1 (M.D.N.C. Feb. 2, 2012).

Yet, while the parties' motion meets the procedural requirements, it is not sufficient to overcome the First Amendment right of access. In limited circumstances, private interests might implicate higher values sufficient to override the First Amendment presumption of public access. See, e.g., Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) (stating that generally, "[i]n civil litigation, only trade secrets, and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault case)" can overcome the presumption of access). Courts have sometimes held that documents describing sexual assault contain private interests that override the First Amendment presumption of public access. See Scott v. Graham, 16-cv-2372, 2016 WL 6804999 *1 (S.D.N.Y. Nov, 17, 2016); cf. Haynes v. Haggerty, No. 19-cv-00164, 2020 WL 2557230, at *6 (D. Vt. May 19, 2020) (discussing district court case reversing sealing of documents that "openly refer to and discuss . . . allegations of sexual assault and sexual trafficking in comprehensive detail") (citing Brown v. Maxwell, 929 F.3d 41, 48 (2d Cir. 2019)).

Even so, such sealing should be narrowly tailored and must be balanced against the information's importance to the dispute at issue in the case. Courts regularly deny blanket motions to seal summary judgment motions or memoranda—even in sexual assault cases. See, e.g., Doe v. Syracuse, 5:17-cv-787, 2020 WL 2079513 *18-19 (N.D.N.Y. Apr. 30, 2020) (granting intervenor's motion to deny University's request to seal a statistical exhibit showing sexual conduct complaints to Plaintiff's motion for summary judgment); Doe H. v. Haskell Indian Nations Univ., 266 F. Supp. 3d 1277, 1290 (D. Kan. 2017) (denying Plaintiff's motion to seal all defendants' summary judgment motion exhibits in sexual assault case).

Here, the parties ask the court to seal *all* memoranda and supporting documents related to Defendant's motion for summary judgment. Dkt. 60. The parties specifically suggest that sealing is necessary to preserve anonymity given Washington & Lee's small campus size. Dkt. 61. While the parties will certainly be describing sexual assault in their respective memoranda, they fail to clearly identify why sealing is necessary given that the complaint—which is unsealed—describes these same details. Dkt. 61. See Qayumi v. Duke University, 1:16-cv-1038, 2018 WL 2025664 *5 (M.D.N.C. May 1, 2018) (denying in part a motion to seal given that the document "do[es] nothing more than disclose the same information that is present in the unsealed complaint"); Doe #1 by & through Lee v. Sevier Cty., No. 3:17-cv-41, 2017 WL 888395, at *2 (E.D. Tenn. Mar. 1, 2017) (discussing Lampon-Paz v. Dep't of Homeland Sec., 532 Fed. App'x 125, 126 n.3 (3d Cir 2013) (denying several motions to seal portions of the judicial record partly because the information was already disclosed in the complaint)). The parties additionally argue that sealing will encourage future sexual assault victims to come forward. Plaintiff and non-party Jane Roe are already proceeding pseudonymously. Dkt. 22. See Jane Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) (denying plaintiffs' motion to seal because "request [was] too broad" given that plaintiffs were to proceed pseudonymously). Moreover, this case was not brought by a sexual assault victim, thus further limiting the persuasiveness of this particular policy rationale.

Finally, the information that the parties ask this court to seal is directly relevant to the court's dispositive rulings. The description of the alleged sexual assault goes directly to the issues in this case. See Dkt. 1. The parties' interest in keeping the alleged sexual assault confidential does not outweigh the public's interest in access to judicial records and documents given the importance of this information to the court's rulings in the case.

Accordingly, I **DENY** the parties' Joint Motion to Seal Defendant's Memorandum in Support of Motion for Summary Judgment. If they so desire, the parties have 10 days from the date this Order is docketed to submit a supplemental submission setting forth redacted copies of the documents along with specific representations as to why the particular redactions are necessary.

Entered: October 6, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge