CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/23/2021
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>       *Plaintiff*,<br><br>v.<br><br>WASHINGTON & LEE UNIVERSITY,<br><br>       *Defendant.* | CASE NO. 6:19-cv-00023<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

  As a measure to facilitate orderly preparation for a jury trial in this case, which is presently scheduled for May 17 to 20, 2021, the Court finds it just and appropriate to amend the pretrial order in the following respects. Dkt. 20.

Revised Deadlines

  The Court finds good cause to modify certain pretrial order deadlines, and to direct the parties to file the following submissions by these dates:

    April 30, 2021    Witness list and anticipated testimony summaries
                Exhibit lists

    May 7, 2021     Integrated proposed pretrial order
                Proposed jury instructions

  The parties shall also contact Carmen Amos, Scheduling Clerk, forthwith, to schedule a final pretrial conference to be held between May 10–13, 2021. The final pretrial conference is expected to last at least two hours.

<u>Health Precautions</u>

In view of the ongoing outbreak of COVID-19 in the Western District of Virginia, Lynchburg, and nationally, and as a measure to mitigate risk of spread of the virus, the Court issues the following **ORDERS**:

1. Counsel **shall meet and confer promptly** following the exchange of witness lists, **if not earlier**. The parties shall discuss whether any witness's testimony could be taken by videoconference, among any other measures/logistics upon which either party may intend to request from the Court to reduce risk of spread of COVID-19 in anticipation of the jury trial.

2. In the parties' integrated proposed pretrial order, in addition to those subjects already described (Dkt. 20 ¶ 25), the parties **shall address** the following:

    a. Whether the parties have agreed to any witness testimony by videoconference.

    b. The number of persons, including counsel and their staff, that each party anticipates will be present in person at the trial.

    c. Any other measures/logistics agreed upon or in dispute regarding reducing COVID-19 risk in anticipation of the jury trial.

Upon consideration of the health and safety measures addressed in Western District Standing Order 2020-14 (attached hereto), the Court **finds** such measures continue to be appropriate steps to mitigate the risk of spread of COVID-19. Accordingly, the Court specifically **ORDERS** the following:

3. Counsel and their staff who would attend the jury trial in person, the parties, and any other persons for each side whom counsel reasonably anticipate will attend the jury

trial **must familiarize themselves with** and **abide by** Standing Order 2020-14, especially those provisions concerning health and safety precautions on pages 2–5 of the Standing Order.

4. Counsel and their staff who would attend the jury trial in person, the parties, and any other persons for each side whom counsel reasonably anticipate will attend the jury trial **must abide by** the requirement to **"wear a face covering or mask that covers the wearer's nose and mouth continuously when in public places, including hallways, entrance foyers, and courtrooms**." Page 2, Standing Order 2020-14.

5. Counsel and their staff who would attend the jury trial in person, the parties, and any other persons for each side whom counsel reasonably anticipate will attend the jury trial **must abide by** the requirement to **remain at least six feet from others whenever possible in the courthouse and courtroom**. Page 3, Standing Order 2020-14. This may be modified in some instances, such as during screening for courthouse safety by court security officers.

6. Counsel and their staff who would attend the jury trial in person, the parties, and any other persons for each side whom counsel reasonably anticipate will attend the jury trial **must familiarize themselves with** Standing Order 2020-14's provisions regarding conducting a **health self-assessment** before entering the Courthouse, and if any such person exhibits signs of COVID-19 infection per CDC guidance (e.g., temperature over 100.4, cough, shortness of breath, difficulty breathing, sore throat, or the new loss of taste of smell), the person **should stay home**. Page 3–4, Standing Order 2020-14.

7. Counsel and their staff who would attend the jury trial in person, the parties, and any other persons for each side whom counsel reasonably anticipate will attend the jury trial **must have familiarized themselves with the categories of persons prohibited from entering courthouses**. Page 4–5, Standing Order 2020-14.

8. If counsel becomes aware of any necessary case participant who falls within the list of prohibited persons, counsel **shall promptly advise the Court** to that effect.

9. Counsel for each party **will inform** witnesses, family, and other case participants that party intends to call or anticipates will attend the hearing in person, of Standing Order 2020-14 and of the health and safety precautions on pages 2–5 therein.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all parties.

Entered this   23rd   day of April, 2021.

                                                   _____
                                                   NORMAN K. MOON
                                                   SENIOR UNITED STATES DISTRICT JUDGE